[No. 14838.    Department One. — May 13, 1892.]

JAMES C. PENNIE, ADMINISTRATOR, ETC., APPELLANT, v. JOHN ROACH, EXECUTOR, ETC., RESPONDENT.

ESTATES OF DECEDENTS — ACCOUNTING WITH DECEASED ADMINISTRATOR — JUDGMENT FOR ATTORNEY'S FEES — ALTERNATIVE PAYMENT TO ATTORNEY — HARMLESS ERROR. — In an action by the administrator of the estate of a decedent for an accounting against the executor of a deceased administrator, a judgment that the plaintiff as administrator of the estate pay out of the estate to the defendant in the action for the use and benefit of an attorney of the deceased administrator, or to said attorney, in person, a specified sum for legal services rendered to the deceased administrator, does not require any payment to be made to the attorney in person, and if there is any invalidity or error in specifying that alternative in the judgment, that part of the judgment may be disregarded, and the error is harmless.

ID. — PRESENTATION OF CLAIM — PLEADING — EVIDENCE — APPEAL — OBJECTION FOR FIRST TIME. — Where the answer of the executor of the deceased administrator avers the liability of the deceased administrator to his attorney for services performed at his request, it sufficiently states a cause of action for an allowance for the attorney's services, although it does not specifically allege a presentation of a claim to the executor; and the want of proof of such presentation cannot be urged on appeal for the first time.

ID. — PAYMENT OF ATTORNEY BY DECEASED ADMINISTRATOR. — It is not necessary that a deceased administrator should have paid his attorney for legal services in his lifetime, before an allowance can be made for their value in favor of his executor.

ID. — JURISDICTION OF SUPERIOR COURT — EQUITY — DETERMINATION OF PROBATE MATTERS — RESERVATION OF PROBATE QUESTION. — Under the present constitution, the same superior court has jurisdiction both in equity and in matters of probate; and in an action in equity for an accounting against the executor of a deceased administrator, it may determine the amount due the attorney of the deceased administrator, and may withhold for future determination by the probate court the question

as to the amount of commissions due to the deceased administrator upon final settlement of the estate, and may reserve the power to require payment to his executor of such sum as the probate court may award to the deceased administrator for his services.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The judgment directed the plaintiff, as administrator of the estate of Thomas H. Blythe, deceased, to "pay from and out of the property and money of said estate to the defendant in this action, for the use and benefit of John A. Wright, Esq., counselor at law of this court, or to the said Wright in person, the sum of ninety-five thousand dollars, in full payment and satisfaction for the services of the said Wright, as attorney and counselor at law, rendered to the said Philip A. Roach as administrator of the said estate of Thomas H. Blythe, deceased, in and about the care, management, and settlement of said estate." Further facts are stated as the opinion.

*Naphtaly, Freidenrich & Ackerman*, for Appellant.

Upon the decease of an administrator, his unsettled account must be settled by the superior court sitting as a court of equity, and in taking and settling such account, said court takes the place of the probate court. (*Bush* v. *Lindsey*, 44 Cal. 121; *Chaquette* v. *Ortet*, 60 Cal. 594.) This is an action against the executor of the former administrator of the estate of Blythe, for an accounting and a settlement of said account, and no allowance can be made in said account unless the amount has actually been paid. (*Thatcher* v. *Dunham*, 5 Gray, 26; Code Civ. Proc., secs. 1628, 1631, 1632, 1637, 1616.) The attorney employed by the administrator to advise and counsel him, and render him such legal services as may be required in the care and management of the estate, must look to the administrator for his compensation, and not to the estate. (*Gurnee* v. *Maloney*, 38 Cal. 85–88; 99 Am. Dec. 352; *Page's Estate*, 57 Cal. 238; *Austin* v. *Munro*, 47 N. Y. 360–366;

*Platt* v. *Platt*, 105 N. Y. 488, 501.) Reasonable counsel fees paid in good faith are proper items of credit in the administration accounts. (*In re Moore*, 72 Cal. 335–342; 2 Woerner on Executors, sec. 575.) The administrator can be allowed credit only for counsel fees which he has actually paid. (*Bates* v. *Vary*, 40 Ala. 421, 441; *Thatcher* v. *Dunham*, 5 Gray, 26.) The probate court has no jurisdiction to order the payment of counsel fees by the administrator. (1 Woerner on Executors, sec. 132; *Wright* v. *Wilkerson*, 41 Ala. 267–273.) The amount allowed was excessive. What is a just compensation is a question of fact which this court will determine, not from the opinions of professional witnesses, but from a comparison of its own judgment as to such value, with the opinions of witnesses. (*In re Dorland*, 63 Cal. 281.) In an action for legal services, the opinions of attorneys as to their value do not preclude the jury from exercising their own knowledge and ideas on the subject. (*Head* v. *Hargrave*, 105 U. S. 45.)

*William F. Herrin, H. L. Gear, Smith, Wright & Pomeroy,* and *John A. Wright,* for Respondent.

This is a proceeding in equity for the settlement of a trust, between the representatives of two estates. The pleadings of both parties expressly invoked the equity jurisdiction of the court. Moreover, it is the settled law of this state that a court of equity has the exclusive jurisdiction of such a matter. (*Bush* v. *Lindsey*, 44 Cal. 121; *Chaquette* v. *Ortet*, 60 Cal. 594–600; *In re Allgier*, 65 Cal. 228–230; *Estate of Curtiss*, 65 Cal. 572–574.) The contention of appellant that Wright is not a party to the proceedings because not named in the title is untenable; as it is elementary law that one may be a "party" to the record, though in no manner named therein. (1 Greenl. Ev., sec. 523; *Fredericks* v. *Judah*, 73 Cal. 608; *Briggs* v. *Briggs*, 80 Cal. 255.) It is elementary law that equity especially does not confine itself in its administration of a trust fund or estate to protecting the rights of merely nominal parties to the record, where

the trustee is himself a nominal party. (Pomeroy's Rights and Remedies, sec. 260; *Kerr* v. *Blodgett*, 48 N. Y. 62–66; *Moulton* v. *Smith*, 12 At. 891.) There is no principle of equity better settled than that when a court of equity has once obtained jurisdiction, it will do complete justice between all the parties before it, and determine the whole of any controversy presented by the pleadings for its adjudication, so as finally to settle the rights of all interested, and prevent further litigation. (*Watson* v. *Sutro*, 86 Cal. 528, 529.) In a case where counsel fees are properly allowable to a trustee, or one acting *quoad hoc* in the relation of trustee to the counsel, it is no objection to the form of the decree allowing their payment, that the payment is permitted to be made to the attorney, provided the rights of the party primarily entitled to the allowance were suitably recognized and protected. (*Wickersham* v. *Denman*, 68 Cal. 383; *Robinson* v. *Robinson*, 79 Cal. 514, 515; *Bohnert* v. *Bohnert*, 91 Cal. 428.) The objection that no allowance could be made to Roach's estate unless the amount so allowed had been first paid by Roach is untenable. The fees of attorneys for executors, administrators, and guardians must be fixed by the court, and not by agreement of the parties. (*Estate of Page*, 57 Cal. 241; *Cole* v. *Superior Court*, 63 Cal. 86, 88, 90; 49 Am. Rep. 78; *Estate of Couts*, 87 Cal. 480; *Estate of Simmons*, 43 Cal. 546; *Estate of Parsons*, 65 Cal. 240.) A trustee is not only allowed all just expenses actually incurred and paid, for the security, protection, and preservation of the trust property, but he is also entitled to be indemnified in respect of all personal liabilities incurred by himself for any of these purposes. (2 Pomeroy's Eq. Jur., sec. 1085; *Cowdrey* v. *G. H. & H. R. R. Co.*, 93 U. S. 352–355.) Executors are entitled to be indemnified by an allowance out of the estate of their testator for reasonable charges to be paid to their attorneys for legal services necessarily performed in its management. (*Gilman* v. *Gilman*, 6 Thomp. & C. 211; 4 Hun, 69; affirmed, 63 N. Y. 41; Dayton on Surrogates, 3d ed., 540, 542; *Steel* v. *Holladay*, 20 Or.

462.) The court may allow and direct payment to the executor's counsel of his fees as settled and adjusted. (*Gilman* v. *Gilman*, 6 Thomp. & C. 211; 4 Hun, 99; 63 N. Y. 41.) If the question of sufficiency of the evidence is open for consideration upon the record presented, it is elementary law that the court having discretionary power to fix and determine the amount of a reasonable allowance for attorney's fees, its discretion will not be interfered with in the appellate court if there is no clear abuse of discretion. (*Stuart* v. *Boulware*, 133 U. S. 78.) As respects the point that a portion of the services related to extraterritorial assets, it is sufficient to say that it was within the province and duty of the administrator to take all practicable measures to secure and preserve those foreign assets for the benefit of the estate. (*In re Ortiz*, 86 Cal. 306; 21 Am. St. Rep. 44.)

FOOTE, C. — This is an action by Pennie, the administrator of the estate of Thomas H. Blythe, deceased, for an accounting against John Roach, as the executor of the last will and testament of Philip A. Roach, deceased, who had preceded Pennie as the administrator of Blythe's estate.

Judgment was given and made in the premises, from which the plaintiff prosecutes this appeal upon the judgment roll and a bill of exceptions.

The first contention of the plaintiff is, that the judgment is void, because it is in favor of Mr. John A. Wright, an attorney at law, not a party to the action.

Conceding without deciding that under the decision in *Sharon* v. *Sharon*, 75 Cal. 39, so much of the judgment as orders the payment to John A. Wright, Esq., of a certain sum of money is void, yet that part of the judgment may be disregarded, and still the judgment can stand and be enforced, so far as it directs the payment to the defendant Roach, executor, of that sum of money for the use and benefit of said Wright. It is certainly competent for this court, if it were necessary,

to modify the judgment by striking out the words " or to the said Wright in person."

But we do not perceive how the plaintiff can be injured by the judgment remaining as it is. All that he can ask is such a judgment as it will be a proper voucher to him in his settlement of his decedent's estate. He can pay the executor, defendant, and refuse to pay Wright in person if he desires, as the judgment now stands, and there is no compulsion to pay Wright anything. If it is error, therefore, it is harmless.

So far as the evidence of the value of Wright's services is concerned, the preponderance is in favor of the correctness of the decision made by the trial court.

The defendant introduced the testimony of six prominent members of the bar of San Francisco, who stated that the services of Mr. Wright were reasonably worth $150,000. Another prominent attorney estimated his services to be worth $136,600. It is true, three witnesses for the plaintiff equally eminent in the profession testified that his services were worth only seventy-five thousand dollars, but it was for the court to decide the conflict, and in such cases its ruling will not be interfered with by the appellate court, unless there is a clear abuse of discretion. (*Stuart* v. *Boulware*, 133 U. S. 78.) It appears that the affairs of the estate, which was valued at nearly three millions of dollars, were in great disorder, and a successful administration thereof depended upon diligent, intelligent, and systematic labor. Claims amounting to nearly half a million dollars were presented against the estate, but through successful litigation and arbitration, conducted chiefly by Mr. Wright, such claims were reduced over a quarter of a million of dollars. His labors covered nearly six years of time, ten months of which were spent in Mexico and Europe.

The point is made that there is no allegation in the answer that the claim of Wright was ever presented for allowance to the executor of Phillip A. Roach, or proof made of its presentation. The point as to the want of

proof is made here now for the first time, and cannot be considered.   (*Drake* v. *Foster*, 52 Cal. 227.)

It is said by the appellant that the answer does not allege that Mr. Wright had any valid claim against the estate of Philip A. Roach, and hence the executor of Roach could claim nothing from the estate represented by the plaintiff, Pennie.   In this behalf it is urged that the pleading in question does not aver, as it should, that the claim of Mr. Wright for legal services had been presented to the executor of Roach within the time required by law for such presentation for allowance.   As the answer avers the *liability* of Roach to Wright for the services he performed at Roach's request, it sufficiently states a cause of action.

It is urged, also, for a reversal of the judgment, that the court below had no jurisdiction, as a court sitting in equity, to determine the amount of Mr. Wright's fee, or to withhold for further consideration and determination the amount of commissions due P. A. Roach for administering upon the Blythe estate.   But under the present state constitution, the superior court has jurisdiction both in equity and matters of probate; it is the same superior court for all purposes where it has jurisdiction. If it has jurisdiction of the person and subject-matter, and it is admitted that as to matters of accounting between the estate of a deceased administrator and his successor it can assume such jurisdiction, then it can administer full and entire relief according to the principles of equity, and also in accordance with the statutes which exist with reference to matters of probate, or any others within the court's jurisdiction.

This, we think, disposes of the objection made on this head, and what we have said is in accordance with the views of this court in the matter of *Estate of Burton*, 93 Cal. 459.

As to the point made, that the claim of Wright must have been first paid by Philip A. Roach, deceased, in his lifetime, before it could be allowed, it is disposed of

against the contention of appellant in *Estate of Couts*, 87 Cal. 480.

We perceive no error in the record, and advise that the judgment be affirmed.

BELCHER, C., and FITZGERALD, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.

A petition for a hearing in Bank having been filed, the following opinion was rendered thereon on the thirteenth day of June, 1892:—

The COURT. — Rehearing denied.  In response to one point made in the petition for rehearing, we will say, in addition to the opinion heretofore filed, that that part of the decree in this case relating to the compensation and commissions of Philip A. Roach, deceased, properly construed, does not reserve any power to the superior court, sitting as a court of equity, to adjust, in this proceeding, the amount of commissions or compensation to be allowed to the administrators of the Blythe estate, or to apportion said amount among the respective administrators, but merely reserves the power to require payment to the defendant by the plaintiff, or his successor, of such sum as the probate court may award on final settlement of the Blythe estate to the representatives of Philip A. Roach for his services as administrator.

Mr. Justice Harrison took no part in the foregoing decision.