[No. 15213.    Department One.—June 19, 1894.]

## WILLIAM C. WATSON, Respondent, v. ADOLPH SUTRO, Appellant.

PARTITION—ALLOWANCE OF ATTORNEY'S FEE—QUESTION OF FACT—CONFLICTING EVIDENCE—DISCRETION.—The amount of an attorney's fee to be allowed in an action for partition, is a question of fact, to be determined by the trial court from the evidence, and its findings will not be disturbed where there is a substantial conflict in the evidence, if there is sufficient evidence to support the allowance, and there is no clear abuse of discretion.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*Lloyd & Wood,* and *B. McKinne,* for Appellant.

The court erred in ordering the part of the attorney's fees paid by the plaintiff in the partition suit to be repaid by the defendant to the plaintiff. (Code Civ. Proc., sec. 796; *Hoffman* v. *Smith,* 61 Miss. 547; *Snyder's Appeal,* 54 Pa. St. 67; *Fidelity Ins. etc. Co's Appeal,* 108 Pa. St. 339; *Appeal of Biles,* 119 Pa. St. 105; *Appeal of Pereyra,* 126 Pa. St. 220; *Luzerne etc. Assn.* v. *People's*

*Sav. Bank,* 142 Pa. St. 121; *Lucas Bank* v. *King,* 73 Mo. 590; *Draper* v. *Draper,* 29 Mo. 15, 16; *Westmoreland* v. *Martin,* 24 S. C. 238; *McClain* v. *McClain,* 52 Iowa, 275; *Duncan* v. *Duncan,* 63 Iowa, 150; *Agar* v. *Fairfax,* 17 Ves. 533; *Baring* v. *Nash,* 1 Ves. & B. 554; *Whaley* v. *Dawson,* 2 Schoales & L. 371; *Calmady* v. *Calmady,* 2 Ves. 570; *Hyde* v. *Hindley,* 2 Cox, 408; *Kilgour* v. *Crawford,* 51 Ill. 249.)

*John A. Stanley,* and *George R. B. Hayes,* for Respondent.

The right of the plaintiff to a judgment for reasonable counsel fees expended by him is absolute. (Code Civ. Proc., sec. 796.) The decisions of other states are of little practical aid in construing the statute of this state, as the statutes in other states differ from that in this state.

GAROUTTE, J.—This is an appeal by Adolph Sutro from that portion of a judgment in partition proceedings that awards to the plaintiff in the action . an attorney's fee of $5,000. In the trial of the action of partition the amount of the respective equitable interests of plaintiff and appellant Sutro to the realty involved in the litigation was warmly contested, and as to such matters the litigation resulted adversely to this appellant.

At the hearing, the report of the referees was acquiesced in by all the parties in interest, and the only contest that was made was as to the amount which should be allowed to plaintiff under section 796 of the Code of Civil Procedure for reasonable counsel fees expended by him for the common benefit. The court, after hearing the testimony of nineteen witnesses, fixed the fee at $5,000, and determined that defendant Sutro's proportion was $4,828.25; and the propriety of this order is the sole question involved in this appeal. Section 796 of the Code of Civil Procedure provides that: "The costs of partition, including reasonable counsel fees expended by the plaintiff, or either of the defendants, for the common

benefit, fees of referees, and other disbursements, must be paid by the parties respectively entitled to share in the lands divided, in proportion to their respective interests therein. . . . . When, however, litigation arises between some of the parties only, the court may require the expenses of such litigation to be paid by the parties thereto, or any of them." The fees of the referees, and all other costs in the case, except the counsel fee of plaintiff, have been adjudged without dispute to be paid in proportion to the several interests of the parties.

There is a sharp conflict in the evidence as to what would be a reasonable attorney's fee for the labor performed, and under these circumstances we will not disturb the judgment. The amount of the attorney's fee was a question of fact, essentially within the province of the trial court to determine from the evidence, and to disturb the trial court's finding in this regard, where, as in this case, there is a substantial conflict in the evidence, would be a trespass upon well-settled principles long recognized by this court. Thomas P. Stoney, attorney for plaintiff, stated in detail the character and amount of the services he had performed as attorney for plaintiff in the action, and he further testified that such services were reasonably worth $10,000; and this testimony was corroborated by various other eminent members of the bar as to the value of the services rendered. We think this evidence is amply sufficient to support the judgment. While it is true the witness Stoney did not segregate the value of the services rendered by his firm in furtherance of the personal interests of his client in contesting the claim of title from the value of the services rendered for the common good in the matter of the partition proceedings proper, still the amount and character of labor performed for the common benefit was in evidence before the court, and upon that evidence alone, without the advice of experts, the court had the power to fix the amount of the fee, and we are not prepared to say from the record before us that the amount awarded is too large. It was said in

*Pennie* v. *Roach,* 94 Cal. 520: "It is true three witnesses for the plaintiff, equally eminent in the profession, testified that his services were worth only $75,000; but it was for the court to decide the conflict, and in such cases its ruling will not be interfered with by the appellate court unless there is a clear abuse of discretion." (Citing *Stuart* v. *Boulware,* 133 U. S. 78.) We see no abuse of the court's discretion in this case.

For the foregoing reasons it is ordered that the judgment be affirmed.

VAN FLEET, J., concurred.

HARRISON, J., concurring.—l concur in affirming the judgment. I do not, however, consider that the fact that there was a conflict of evidence upon the subject of compensation is a reason for its affirmance.

The court below was authorized to ascertain what services had been rendered by the plaintiff for the common benefit, including those of his counsel, and to determine the compensation which would be proper to allow him therefor. This is a matter, however, which the court is to determine in the exercise of its judicial discretion, and not necessarily in accordance with the testimony of witnesses. It may fix the compensation to be allowed, in accordance with the practice of the court and its own knowledge of the usual compensation for such services, without calling to its aid the views and experience of other attorneys, or it may ask their aid as expert witnesses for its enlightenment; yet, if it does call them to its assistance, it is not required to make its decision in accordance with their testimony, but may disregard their testimony entirely. Like determining the amount to be allowed for counsel fees in the foreclosure of a mortgage, or in a suit for divorce, the court is called upon to exercise a judicial discretion in consideration of all the circumstances in the individual case; and, even though the testimony of the witnesses whose opinion it may ask will sustain it in the amount which it

allows, yet, if it should appear that it had abused the discretion intrusted to it, its action should be disregarded in this court as readily as an abuse of its discretion in any other respect. The action of a trial court in any matter depending upon its discretion is not conclusive, though it is approved by bystanders, or even by witnesses under oath. Judicial discretion—*discernere per legem*—is only the application of rules of law to the circumstances of the case in which the discretion is exercised, and whenever a question depends upon the exercise of this discretion it is as open to review as any other question. As error, however, is never to be presumed, the action of the court in the exercise of its discretion must be assumed to have been correct, and the burden is always upon the appellant to make it clearly appear that the court committed error; otherwise its action must be affirmed.

In the present case the court was called upon to determine the amount of labor that had been rendered by the plaintiff's counsel for the common benefit of all parties to the action, and fixed the amount of compensation to be allowed therefor at the sum of $5,000. While this would appear to be an unusual compensation to be allowed in an ordinary action of partition, and while the amount estimated by the several witnesses as proper to be allowed varied from $2,000 to $15,000, it cannot be said, in view of the character of the action, the time occupied in its trial, the questions presented in the case, the value of the property involved, and the services shown to have been rendered by the plaintiff's attorney, that the sum fixed by the court is so grossly disproportionate to its value as to constitute an abuse of its discretion.