[Civ. No. 802. Fourth Appellate District.—September 22, 1933.]

THE CITY OF LOS ANGELES (a Municipal Corporation) et al., Appellants, v. THE LOS ANGELES–INYO FARMS COMPANY (a Corporation) et al., Respondents.

Erwin P. Werner, City Attorney, Mark L. Herron, Assistant City Attorney, F. M. Bottorff and Carl A. Davis, Deputies City Attorney, and T. B. Cosgrove for Appellants.

Chase, Barnes & Chase, Swallow & Richards and H. B. McClure for Respondents.

JENNINGS, J.—The appeal herein has been taken from an order taxing costs in a proceeding instituted by the City of Los Angeles for the condemnation of certain lands and appurtenant water rights.

On February 17, 1930, the defendant Los Angeles-Inyo Farms Company and certain other owners of ranch lands in Owens Valley commenced an action in the Superior Court of Inyo County, whereby they sought to enjoin the City of Los Angeles from operating pumps located upon land which was owned by said municipality in Owens Valley and from withdrawing water from the underground basin of said valley. On April 28, 1930, the city filed an answer and a cross-complaint in this action. By the answer, in addition to other defenses, the city proceeded as in reverse condemnation. By the cross-complaint the city sought to condemn the property of the plaintiff in said action, Los Angeles-Inyo Farms Company, which overlay the underground water basin. On May 10, 1930, the cross-defendant in said action, Los Angeles-Inyo Farms Company, filed an answer to the city's cross-complaint, in which it was alleged that the value of the land sought to be condemned was $1,419,000. Upon stipulation this action was transferred to San Bernardino County for trial. Thereafter the plaintiff in said action, Los Angeles-Inyo Farms Company, proceeded to have the action set for trial and demanded a jury trial. The date set for the trial was October 7, 1930. The action did not, however, proceed to trial on the date appointed but was continued from time to time. On motion of the aforesaid plaintiff the action was finally set for trial for March 24, 1931, and a jury trial was again demanded by the Los

Angeles-Inyo Farms Company. On January 19, 1931, Los Angeles-Inyo Farms Company served and filed notice of motion to strike from the files the cross-complaint of the city. On February 24, 1931, the court entered its order granting the motion. From the order thus entered the city prosecuted an appeal to the Supreme Court of California. On March 24, 1931, while the above-mentioned appeal was pending, the City of Los Angeles instituted in the Superior Court of Inyo County, a proceeding to condemn the same land of the Los Angeles-Inyo Farms Company, which had been described in the complaint in the injunction suit and in the city's cross-complaint in said action. On October 30, 1931, the Supreme Court rendered its decision upon the appeal taken by the City of Los Angeles from the order striking the city's cross-complaint from the files of the injunction proceeding. This decision held that the order from which the appeal had been taken was not an appealable order and that the appeal therefrom was therefore premature and should be dismissed. (*Yandell* v. *City of Los Angeles,* 214 Cal. 234 [4 Pac. (2d) 947].) In the meantime, on May 12, 1931, the condemnation action was transferred to the Superior Court of Tulare County for trial. It was set for trial for November 10, 1931. On November 5, 1931, the City of Los Angeles filed with the Superior Court of Tulare County a written notice of abandonment of the condemnation proceedings. This notice was dated November 3, 1931, and was served on counsel for the defendants in said action on the same date. Thereupon, the defendants in said condemnation action gave written notice that, on November 23, 1931, they would move the court for entry of a judgment dismissing the condemnation proceeding and awarding to said defendants their costs and disbursements therein including necessary expenses incurred in preparing for the trial of the action and reasonable attorneys' fees. The judgment of dismissal was signed by the court and filed on December 7, 1931. On December 9, 1931, a memorandum of costs and disbursements, which had been served on plaintiffs in the condemnation suit, was filed. This memorandum showed costs incurred in the action by defendants in the total amount of $19,580.72, of which amount the sum of $16,000 was demanded as reasonable attorneys' fees for services rendered in preparing for trial. Plaintiffs then filed notice

of motion to tax costs. Hearing of the motion was continued by stipulation to January 25, 1932, at which time the motion came on regularly to be heard. Upon the hearing of the motion evidence consisting of affidavits and the testimony of witnesses was presented to the court. On February 19, 1932, the court made an order taxing costs in the total amount of $16,765.60, of which amount the sum of $13,200 was allowed as attorneys' fees for preparing for the trial of the action.

Three alleged errors of the court are specified by counsel for plaintiffs on this appeal from the aforesaid order taxing costs. These are, first, that the court improperly overruled an objection interposed by counsel for plaintiffs to a hypothetical question propounded to an expert witness of the defendants by defendants' counsel during the hearing of the motion; second, that the sum of $3,142.39 allowed by the court for the fees of four expert witnesses who were to be produced by defendants to testify during the trial of the action was not a necessary or proper item of expense; third, that the award by the court of the sum of $13,200 for attorneys' fees constituted an abuse of discretion by the court in that such a fee is excessive and unreasonable. These three alleged errors will be treated *seriatim*.

■ Consideration of the first of the three above-mentioned objections is rendered unnecessary by reason of the concession of counsel for appellants that, assuming that the court erred in overruling the objection to the hypothetical question, nevertheless appellants may not have been prejudiced thereby because it is apparent that the court disregarded the answer of the witness to the question in arriving at its conclusion as to the proper amount to be allowed for attorneys' fees. The concession is justified. The effect of the question propounded was to call for the opinion of the witness as to what sum would represent a reasonable attorneys' fee for preparing for the trial of the action. Upon the objection to the question being overruled by the court the witness replied that his opinion was that a reasonable attorneys' fee for the services rendered would be $25,000 and a minimum fee $20,000. Since the court, as above noted, allowed the sum of $13,200 for such fee it is reasonable to conclude that the court disregarded the estimate of

the witness. No prejudice, therefore, resulted to appellants because of the error claimed to have been committed.

With reference to the second of the aforesaid objections, viz., that the court erred in allowing as costs the sum of $3,142.39 for fees and traveling expenses of four persons who were retained by respondents to make certain investigations preliminary to their being called to testify as expert witnesses for respondents during the trial of the case, the following observations are proper to be made: At the time the opening brief and reply brief of appellants were filed with this court no objection was raised to the allowance by the court of the sum of $1519.75 representing fees and traveling expenses of two of such witnesses. It was apparently conceded by counsel for appellants that the witnesses for whose services and expenses the aforesaid sum of $1519.75 was allowed were proper and necessary witnesses and the amount allowed for their fees and expenses was properly chargeable as an item of costs. On October 11, 1932, counsel for appellants filed with this court a supplementary brief in which for the first time appellants object to the allowance of any part of the aforesaid sum of $3,142.39. The reason for appellants' failure to have objected earlier to the allowance of the sum of $1519.75 is that they were of the opinion that section 1255a of the Code of Civil Procedure permitted an allowance as an item of costs for the fees and expenses of experts whose services were reasonably necessary for the preparation for trial and that the services of the two experts whose fees and expenses amounted to said sum of $1519.75 were reasonably necessary for the preparation for trial and that not until September 28, 1932, was it decided by an appellate court that the fees and expenses of expert witnesses employed by defendants in condemnation proceedings are not properly taxable as costs in such proceedings following abandonment by the condemnor, under the provisions of section 1255a. The decision to which reference is made is *City of Los Angeles* v. *Clay*, 126 Cal. App. 465 [14 Pac. (2d) 926], in which it is held that a defendant in condemnation proceedings is not entitled, under section 1255a of the Code of Civil Procedure, upon a dismissal of the proceedings after trial, to an allowance of fees for expert witnesses who were not appointed by the court but were employed by such defendant. The deci-

sion is squarely in point upon the problem here presented and is conclusive of it. The contention of appellants in this regard must therefore be sustained.

The principal contention advanced by appellants relates to the award by the court of the sum of $13,200 as reasonable attorneys' fees for preparing for the trial of the condemnation proceedings. It is urged that such an award, under the circumstances here presented, is excessive, unreasonable, and unjust and that the allowance of such an amount constituted a clear abuse of discretion on the part of the court.

In giving consideration to this contention it is to be observed that the award was made after presentation to the court of a mass of irreconcilably conflicting evidence regarding the subject. The conflict related principally to the time which was reasonably required to prepare properly for the trial of the action. On behalf of respondents affidavits were produced which showed that a total of eighty days was consumed in preparing for the trial of the case. On the other hand, evidence was submitted by appellants which tended to show that proper preparation for trial could not reasonably have required more than ten days. The estimates of expert witnesses who testified regarding the value of the services rendered by counsel for respondents ranged from an amount in excess of $16,000 on the part of respondents to the sum of $1,000 on behalf of appellants.

■ The rule is established that, in fixing the fees of attorneys, the court is vested with a wide discretion and the court's award of an amount for such fees will be disturbed only when it is manifest that there has been a palpable abuse of such discretion. (*Pennie* v. *Roach*, 94 Cal. 515 [29 Pac. 956, 30 Pac. 106]; *Watson* v. *Sutro*, 103 Cal. 169 [37 Pac. 201]; *Freese* v. *Pennie*, 110 Cal. 467 [42 Pac. 978]; *Estate of Duffill*, 188 Cal. 536 [206 Pac. 42]; *Libby* v. *Kipp*, 87 Cal. App. 538 [262 Pac. 68].)

■ It is also established that, in making an award for attorney's fees, the court has the unquestioned power to make an appraisal of the services rendered and to arrive at a determination of the reasonable value of such services independent of expert testimony. (*Estate of Dorland*, 63 Cal. 281; *Estate of Straus*, 144 Cal. 553 [77 Pac. 1122]; *Zimmer* v. *Kilborn*, 165 Cal. 523 [132 Pac. 1026, Ann.

Cas. 1914D, 368]; *Kirk* v. *Culley*, 202 Cal. 501 [261 Pac. 994]; *Elconin* v. *Yalen*, 208 Cal. 546 [282 Pac. 791]; *Moore* v. *Maryland Casualty Co.*, 100 Cal. App. 658 [280 Pac. 1008]; *Lady* v. *Ruppe*, 113 Cal. App. 606 [298 Pac. 859]; *Theisen* v. *Keough*, 115 Cal. App. 353 [1 Pac. (2d) 1015]; *Mills* v. *Friedman*, 119 Cal. App. 74 [5 Pac. (2d) 901].) It may further properly be observed that the court's determination of the value of the services made after full inquiry into the facts of the case which were pertinent to the matter under consideration constitutes some evidence of the value of such services. (*Theisen* v. *Keough, supra.*)

The correctness of these well-established principles is not questioned by appellants. It is, however, strenuously insisted that careful examination of the record herein will show that the court's award of the aforementioned amount for attorney's fees is entirely unwarranted and constituted a clear abuse of discretion.

In this connection, it is urged that the single issue in the condemnation proceedings which called for preparation by respondents was the issue of value of the property sought to be condemned; that this issue had been raised in the injunction suit through the city's cross-complaint seeking condemnation of the identical land described in the complaint in the condemnation action; that respondents had twice announced their readiness to proceed with the trial of the injunction suit and had twice demanded a trial by jury, all of which indicated that respondents had made ample preparation to try the issue of value; that in an affidavit made by the chief counsel for respondents it was stated that affiant and his associates were able to bring to the matter in controversy a familiarity with local conditions in Owens Valley and a knowledge of the law with respect to water rights and were able to give to respondents and their cause the benefits of this familiarity and knowledge and of long and successful trial experience in general practice and of their particular experience in condemnation proceedings; that this statement respecting their qualifications was not denied; that, in view of the admitted experience and skill of respondents' counsel with respect to condemnation proceedings and their familiarity with local conditions prevailing in Owens Valley, the statement that these experienced counsel had expended eighty days in preparing to try the

single issue of value, particularly when this issue had been raised in the injunction suit and preparation to meet it had been made, was obviously extravagant and preposterous; that it was established by the expert witnesses produced by appellants that ample preparation for the trial of the condemnation proceedings could have been made in a period of approximately six to ten days and a fair fee for such services would not exceed the sum of $1500.

A number of factors are to be taken into consideration by a court in an endeavor to solve the not too simple problem of determining what constitutes a reasonable compensation for an attorney who has rendered services in connection with a legal proceeding. Among these factors the following are to be noted: The nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure of the attorney's efforts, the attorney's skill and learning, including his age and experience in the particular type of work demanded. (3 Cal. Jur., p. 698; *Grass* v. *Rindge Co.*, 84 Cal. App. 750 [258 Pac. 673]; *Deberry* v. *Cavalier*, 113 Cal. App. 30 [297 Pac. 611].) We understand that appellants concede that counsel for respondents possessed ample skill and learning to enable them to perform in an entirely satisfactory manner the task of preparing for the trial of the action. It is also conceded, we understand, that counsel were not lacking in experience in

The contention of appellants in this regard is not lacking in merit. Assuming the correctness of respondents' claim that the issue of necessity was an important issue in the proceedings, requiring careful preparation, it must be conceded that the condemnation suit was not a complicated action. At first blush, therefore, the court's award appears excessive. It is, however, not sufficient for us to say that the award for attorneys' fees was in an amount larger than we should have allowed in order to justify a reversal of the court's order. (*Estate of Duffill, supra.*) We are not at liberty to convert this appeal into a trial *de novo.* (*Libby* v. *Kipp, supra.*) It must clearly appear that the trial court abused the very wide discretion reposed in it to warrant a cancellation of the award. (*Freese* v. *Pennie, supra; Estate of Adams,* 131 Cal. 415 [63 Pac. 838]; *Estate of Parker,* 186 Cal. 668 [200 Pac. 619].)

condemnation proceedings. It can hardly be maintained that counsel did not give careful attention to the task nor that the litigation did not receive skillful handling. It is undisputed that the amount involved in the controversy was considerable. In the affidavit of Lucius K. Chase it is stated that the minimum valuation which would have been placed upon the land sought to be condemned was approximately $800,000 and that, if the action had proceeded to trial, some testimony would have been produced which would have indicated a valuation of more than $1,500,000, the sum demanded by the answer filed by respondents. ■ In their reply brief appellants point to the fact that approximately nine months after the abandonment of the condemnation proceedings all of the property and appurtenant water rights sought to be condemned, together with an additional parcel of land of comparatively less value, was contracted to be sold to the City of Los Angeles for the sum of $333,000. No information as to the value of "the additional parcel of land", which was included with the land sought to be condemned in the contract whereby the city purchased the property, is available to us. In the supplemental brief filed by respondents it is said that a fair allowance for this additional parcel of land would be $10,000. If this last statement is correct, it is apparent that the city considered that the property whose taking it sought to accomplish by the proceedings in condemnation had a value of at least $323,000. Nor is this conclusive of the true market value of the property. It is, however, tangible evidence pointing unmistakably to the fact that there was involved in the controversy an amount of very considerable magnitude and that the responsibility of counsel for respondents was thereby materially increased. No standard for the exact appraisal of such an element as increased responsibility has been devised. It is, however, an important factor entitled to consideration. (*Boyles* v. *Leonardo*, 65 Cal. App. 315 [224 Pac. 115].)

■ Having in mind that the trial court made the allowance for attorneys' fees following the presentation of widely divergent evidence regarding the value of the services rendered by counsel and that the court had the power to disregard entirely the testimony of the expert witnesses who gave their estimates of the value of these services and to

appraise them from his own experience, and having in mind also that a very considerable period of time was consumed in preparing for the trial of an action wherein the amount involved was large and to which experienced counsel, skilled in the handling of such cases, gave careful and skillful attention, we conclude that the trial court may not fairly be convicted of the charge of "vicarious generosity" mentioned by the Supreme Court of the United States in the case of *In re Gilbert*, 276 U. S. 294 [48 Sup. Ct. 309, 72 L. Ed. 580].

The order from which this appeal has been taken is therefore modified by striking therefrom the sum of $3,142.39 allowed by the court for the fees and traveling expenses of the witnesses W. R. McCarthy, Hyde Forbes, Thomas H. Means and Noah Adair and by deducting from the total amount of $16,765.60 allowed by the court as necessary costs and disbursements, the aforesaid sum of $3,142.39, leaving a balance of $13,623.21. As thus modified, the court's order taxing costs in the action is affirmed.

Barnard, P. J., and Marks, J., concurred.