382

[Civ. No. 1477. Fourth Appellate District.—August 9, 1934.]

CITY OF LAGUNA BEACH (a Municipal Corporation), Appellant, v. AMERICAN LEGION POST No. 222 OF LAGUNA BEACH (a Corporation) et al., Defendants; JOHN SEIPEL et al., Respondents.

[Civ. No. 1478. Fourth Appellate District.—August 9, 1934.]

CITY OF LAGUNA BEACH (a Municipal Corporation), Appellant, v. AMERICAN LEGION POST No. 222 OF LAGUNA BEACH (a Corporation) et al., Defendants; L. W. CLARK et al., Respondents.

[Civ. No. 1479. Fourth Appellate District.—August 9, 1934.]

CITY OF LAGUNA BEACH (a Municipal Corporation), Appellant, v. AMERICAN LEGION POST No. 222 OF LAGUNA BEACH (a Corporation) et al., Defendants; A. W. SMITH et al., Respondents.

[Civ. No. 1480. Fourth Appellate District.—August 9, 1934.]

CITY OF LAGUNA BEACH (a Municipal Corporation), Appellant, v. AMERICAN LEGION POST No. 222 OF LAGUNA BEACH (a Corporation) et al., Defendants; FRANCES BELL, Respondent.

Milburn G. Harvey, City Attorney, for Appellant.

William M. Dorney and Charles D. Swanner for Respondents.

BARNARD, P. J.—These four appeals arise out of an eminent domain proceeding begun by the City of Laguna Beach in connection with an improvement project known as Acquisition and Improvement District No. 4 of the City of Laguna. The proceeding is one under the "Acquisition and Improvement Act of 1925" as amended (Deering's Gen. Laws, 1931, p. 1594). The four appeals were consolidated and have been submitted upon one set of briefs and upon stipulated facts.

A complaint was filed on November 3, 1930, and, by answer, the respondents put in issue the value and severance damages to their respective pieces of property. An interlocutory judgment fixing the amount of damages to be paid to the respondents, respectively, was entered and recorded on January 19, 1932. After due proceedings, the city council of the appellant city ordered bonds issued in the necessary amount to pay the awards and fixed a date for receiving bids for said bonds. On two occasions the city council gave notice inviting bids on said bonds, but no bids were ever received. Although repeated efforts were made by the appellant to sell said bonds and although the appellant was at all times willing, and was at all times attempting, to sell the same for the purpose of raising money to pay the awards in question, the appellant was unable to sell the same or to secure any bid therefor up to the time judgment of dismissal was entered. By reason of the inability of the appellant to sell said bonds there has never at any time been any money in the hands of the appellant's treas·

urer with which to pay the amounts of the respective awards.

Between February 15, 1933, and March 10, 1933, the various respondents moved to dismiss the action and for their costs and disbursements, including attorney's fees. These motions were made under the provisions of section 1255a of the Code of Civil Procedure and based upon section 1251 of that code, it being the theory and contention of the respondents that the failure of the appellant to pay the amounts assessed within one year from the date of the interlocutory judgment constituted an implied abandonment of the proceeding. These motions were granted and judgments of dismissal were entered, including orders for costs and attorney's fees, from which these appeals were taken.

The main question presented is whether sections 1251 and 1255a of the Code of Civil Procedure are controlling under these circumstances. It is respondents' contention that these code sections are applicable, while the appellant contends that the Acquisition and Improvement Act of 1925 contains a complete scheme for the carrying through of a condemnation action and contains provisions so inconsistent with the code sections named as to make the same inapplicable. Section 26 of this act makes the general provisions of the Code of Civil Procedure applicable to such proceedings "except in the particulars otherwise provided for in this act". Section 51 provides that any provision contained in any other act which is in conflict with any provision of this act shall be void and of no effect in any proceeding commenced under this act. Section 37 provides in part as follows:

"As soon as there is sufficient money in the hands of the treasurer, in the special fund to defray the expenses of the acquisition (together with the amount, if any, received from the issuance and sale of bonds to obtain immediate possession and use and deposited for that purpose), to pay the amounts including costs awarded to the defendants by the interlocutory judgment in the action in condemnation, the said amounts including costs shall be paid to the parties entitled thereto, or into court for their benefit."

Other sections provide for the issuance and sale of bonds, the proceeds to be used in paying the amounts of the awards. Section 36 provides that such bonds may not be

sold for less than par, a provision somewhat inconsistent with a time limitation. Not only are these provisions inconsistent in general with a time limit, but it is fully apparent therefrom that payment of such an award cannot be made within thirty days of the entry of judgment. These provisions are in conflict with the first sentence of section 1251 of the Code of Civil Procedure providing that the amount assessed in the award must be paid within thirty days. The exception that follows in that section, to the effect that the award must be paid within one year where bonds are to be sold, applies only to bonds of the state or of the public corporation which brought the action and has no application here, since the bonds to be issued and sold were those of the improvement district and not general obligation bonds of the city (*City of Los Angeles* v. *Agardy*, 221 Cal. 76 [33 Pac. (2d) 834]). It follows that the provisions of sections 1251 and 1255a of the Code of Civil Procedure, being inconsistent with the terms of the act itself, are neither applicable nor controlling.

We conclude, therefore, that the fact that payment of the award was not made within one year of the date of the interlocutory decree was not, in itself, sufficient to constitute an implied abandonment of the proceeding or to justify a dismissal of the action. It does not necessarily follow that the respondents would be without remedy in the event payment of the awards should be unreasonably delayed. But we are here concerned only with the applicability of particular code sections.

The allowance of attorney's fees in connection with the dismissal of this proceeding is also attacked. Under the view we take of the main question raised, this matter requires no consideration.

For the reasons given the respective judgments are each reversed.

Marks, J., and Jennings, J., concurred.