[Civ. No. 5222. Third Appellate District.—March 29, 1935.]

THE PEOPLE, Appellant, v. AGNES E. THOMPSON et al., Respondents.

U. S. Webb, Attorney-General, and Neil Cunningham, Deputy Attorney-General, for Appellant.

H. L. Preston, J. W. Kingren and Wayne P. Burke for Respondents.

THE COURT.—This cause is before us upon an appeal from an order of the trial court taxing costs after dismissal of an eminent domain action between the same parties, for failure of the plaintiff to comply with the provisions of section 1251 of the Code of Civil Procedure.

Section 1255a of the Code of Civil Procedure, as amended May 8, 1933 (Stats. 1933, p. 790), reads as follows:

"Abandonment of condemnation proceedings. Plaintiff may abandon the proceedings at any time after filing the complaint and before the expiration of thirty days after final judgment, by serving on defendants and filing in court a written notice of such abandonment; and failure to comply with section 1251 of this Code shall constitute an implied abandonment of the proceeding. Upon such abandonment, express or implied, on motion of any party, a judgment shall be entered dismissing the proceeding and awarding the defendants their costs and disbursements, which shall include all necessary expenses incurred in preparing for trial and reasonable attorney fees. These costs and disbursements, including expenses and attorney fees, may be claimed in and by a cost bill, to be prepared, served, filed and taxed as in civil actions; provided, however, that upon judgment of dismissal on motion of plaintiff, defend-

ants, and each of them, may file a cost bill within thirty (30) days after notice of entry of such judgment; that said costs and disbursements shall not include expenses incurred in preparing for trial where the said action is dismissed forty days prior to the time set for the trial of the said action.''

Objection is made that the court allowed expert witness fees. This objection, however, appears to have been made by inadvertence, as an examination of the order of the trial court shows that only ordinary fees were allowed. The same inadvertence appears in the objection to certain items apparently covering expenditures made after the trial of the case. A reading of the testimony, however, shows that the date of July 27, 1933, is a clerical error, and should read as of June 27, 1933. The record also shows that the item charged in favor of the witness Hargrave was disallowed.

The main contention of the appellant is as to the allowance of attorney fees. We have gone over the record and found that nine days were consumed in the trial of the main action; that the value of several tracts of land was involved; that the attorneys for the respective parties were in court a number of times after the trial of the main action, in the argument of motions relative to dismissing the proceedings, and also motions to retax costs. It satisfactorily appears from the record that at least an additional day was consumed in these proceedings. Thus, the record shows that at least ten days were required for the hearing of the cause and the motions in connection therewith.

The appellant calls our attention to the following cases: *City of Los Angeles* v. *Agardy,* 1 Cal. (2d) 76 [33 Pac. (2d) 834] , *City of Laguna Beach* v. *American Legion Post No. 222 of Laguna Beach,* 140 Cal. App. 382 [25 Pac. (2d) 341], *City of Los Angeles* v. *Higgins,* 139 Cal. App. 619 [34 Pac. 754, Id., (Cal. App.) 26 Pac. (2d) 668, and *City of Los Angeles* v. *Abbott,* 217 Cal. 184 [17 Pac. (2d) 993]. These cases, however, we think have no bearing upon the issue presented for our consideration. In the Abbott case the City was enjoined from further proceedings, and therefore there was no abandonment, either express or implied, under provisions of section 1255a, *supra.* All the other cases cited by the appellant have reference to the Street Opening Act, or rather, the act entitled ''Acquisition and Improvement Act of 1925, as amended in 1931, Deering's Gen-

eral Laws of 1931, Act 3276a, page 1594". This act, relating to a particular subject, is held to control the general provisions of section 1251, *supra,* and likewise, the provisions of section 1255a, *supra,* the street act being held inconsistent with the general provisions of the two code sections just referred to.

Only one question remains to be determined: Was the allowance of $1500 attorney fees excessive? The record shows that counsel engaged in the trial of this case are men of experience and long standing at the bar. For their services in court it would not appear that an allowance of $100 a day would be excessive. Considerable time must necessarily have been consumed in preparing the cause for trial. The trial court had before it full information as to the conduct of the trial, and necessarily had an opportunity of determining whether the attorneys had or had not given time and thought in preparing for the trial, and whether the cause had been properly presented and called for the exercise of a considerable degree of professional skill.

While we might be under the impression that $1,000 would be an ample fee, the record does not place us in a position to say that the learned judge of the trial court, having much better opportunity to arrive at a just conclusion than an appellate court, has abused his discretion and allowed an excessive fee. It does appear that the witness testified that $600 would be a reasonable fee for the services performed. As to the experience of this witness the record is silent. All the other witnesses appearing in the cause testified that the attorney's fees were worth the sum approximately allowed by the court. As a matter of fact, the appellant does not contend that the allowance is excessive. In relation to the allowance the appellant presents the following:

"We respectfully invite the court to read pages 12 to 20, inclusive, of the reporter's transcript, which contains the cross-examination of the witness on behalf of the State, and we respectfully invite the court's attention particularly to the statement of the court on page 18, lines 6 and 7; also, to the statements of the court and counsel appearing throughout the record in both appeals." All of which we have read.

██ The law, in relation to the fixing of attorney fees, is well stated in the case of *City of Los Angeles* v. *Los Angeles-Inyo Farms Co.*, 134 Cal. App. 268 [25 Pac. (2d) 224], as follows: "The rule is established that, in fixing the fees of attorneys, the court is vested with a wide discretion, and the court's award of an amount for such fees will be disturbed only when it is manifest that there has been a palpable abuse of such discretion. (*Pennie* v. *Roach*, 94 Cal. 515 [29 Pac. 956, 30 Pac. 106]; *Watson* v. *Sutro*, 103 Cal. 169 [37 Pac. 201]; *Freese* v. *Pennie*, 110 Cal. 467 [42 Pac. 978]; *Estate of Duffill*, 188 Cal. 536 [206 Pac. 42]; *Libby* v. *Kipp*, 87 Cal. App. 538 [262 Pac. 68].) It is also established that, in making an award for attorney's fees, the court has the unquestioned power to make an appraisal of the services rendered and to arrive at a determination of the reasonable value of such services, independent of expert testimony. (*Estate of Dorland*, 63 Cal. 281; *Estate of Straus*, 144 Cal. 553 [77 Pac. 1122]; *Zimmer* v. *Kilborn*, 165 Cal. 523 [132 Pac. 1026, Ann. Cas. 1914D, 368]; *Kirk* v. *Culley*, 202 Cal. 501 [261 Pac. 994]; *Elconin* v. *Yalen*, 208 Cal. 546 [282 Pac. 791]; *Moore* v. *Maryland Casualty Co.*, 100 Cal. App. 658 [280 Pac. 1008]; *Lady* v. *Ruppe*, 113 Cal. App. 606 [298 Pac. 859]; *Theisen* v. *Keough*, 115 Cal. App. 353 [1 Pac. (2d) 1015]; *Mills* v. *Friedman*, 119 Cal. App. 74 [5 Pac. (2d) 901].) It may further properly be observed that the court's determination of the value of the services made after full inquiry into the facts of the case which were pertinent to the matter under consideration constitutes some evidence of the value of such services. (*Theisen* v. *Keough*, *supra*.)"

No abuse of discretion having been shown, the order of the trial court is affirmed.