Filed 11/5/13  Mann v. Hernandez CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ROBERT MANN et al., | B240546 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC454053) |
| v. | |
| ROSA HERNANDEZ et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  John L. Segal, Judge.  Affirmed.

Robert Mann and Donald W. Cook, in pro. per., for Plaintiffs and Appellants.

Henrichs Law Firms, John Henrichs and Stephanie M. Levy for Defendants and Respondents.

_____

The issue on appeal is whether the trial court abused its discretion in the manner in which it calculated an award of contingent attorney fees to a client's discharged attorneys, who claim they are entitled to additional fees. We find no abuse and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In May 2007, respondent Rosa Hernandez (Hernandez) retained appellants Robert Mann (Mann) and Donald W. Cook (Cook), and nonparty attorneys Cynthia Anderson-Barker (Anderson-Barker) and Jeffrey Geren (Geren) (collectively, Mann & Cook attorneys), to represent her in connection with claims arising from an incident on May 16, 2007, in which she was sexually assaulted by a police officer from the City of Bell. Hernandez entered into a written contingent fee agreement with Mann, Cook and Anderson-Barker, all three of whom apparently work together. The Mann & Cook attorneys filed two civil rights lawsuits on behalf of Hernandez, one in state court and one in federal court. The actions were stayed pending a criminal investigation. In May 2008, the federal government filed criminal charges against the officer.

In March 2009, Hernandez discharged the Mann & Cook attorneys, and substituted in respondent Luis A. Carrillo (Carrillo). Hernandez later testified that she discharged the Mann & Cook attorneys because they rarely responded to her inquiries. Her husband testified that she was also unhappy with the Mann & Cook attorneys because they did not pay her a promised monthly amount. Carrillo and Hernandez also entered into a contingent fee agreement. Carrillo then associated with another attorney, Dale Galipo.

In July 2009, the police officer entered a guilty plea to a felony charge of violating Hernandez's civil rights. He was sentenced in December 2010 to a prison term of nine years. Prior to sentencing, Hernandez and the City of Bell settled her claims for $750,000. Pursuant to the fee agreement between Hernandez and Carrillo, 40 percent of the gross recovery of $750,000—or $300,000—was allocated as attorney fees Hernandez owed for the prosecution of the two civil lawsuits.

Following unsuccessful efforts to obtain an accounting from Carrillo, Mann and Cook filed suit against Hernandez and Carrillo to recover their attorney fees. The case

2

proceeded to a bench trial, and Mann and Cook sought $184,000 from the $300,000 in attorney fees. There was no dispute that the $300,000 was sufficient to cover the fees of the Mann & Cook attorneys and Carrillo. The trial court ultimately awarded Mann and Cook $124,470, which represented 41.47 percent of the $300,000 in attorney fees. The trial court calculated the amount based on the hourly rate times hours of some, but not all, of the Mann & Cook attorneys, and awarded an additional $50,000 for "added value" to the case, including strategy decisions regarding the use of the criminal conviction, the experience of the attorneys, the factual investigation that benefitted Carrillo, and the contingency risk factor. Mann and Cook now appeal, claiming they are entitled to additional fees.

## DISCUSSION

Mann and Cook contend that the trial court miscalculated their attorney fees because it (1) considered only their hours without determining the "pro-rata share of both the discharged attorneys and the current attorney in the contingency fee recovery" pursuant to *Cazares v. Saenz* (1989) 208 Cal.App.3d 279 (*Cazares*), and (2) improperly made wholesale exclusions of attorney and paralegal time.

### I. Standard of Review

Because the sole issue before us is the amount of attorney fees awarded, our review is deferential. (*Thayer v. Wells Fargo Bank* (2001) 92 Cal.App.4th 819, 832.) "'The "experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong"—meaning that it abused its discretion.'" (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095.)

### II. *Cazares* Is Not Applicable

Forty-one years ago, our Supreme Court held that a client has an absolute right to discharge an attorney at any time and that "an attorney discharged with or without cause is entitled to recover the reasonable value of his services rendered to the time of discharge." (*Fracasse v. Brent* (1972) 6 Cal.3d 784, 790, 792 (*Fracasse*).) As later explained in *Mardirossian & Associates, Inc. v. Ersoff* (2007) 153 Cal.App.4th 257:

3

"'The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed.' [Citation.] However, providing evidence as to the number of hours worked and rates claimed is not the end of the analysis in such a quantum meruit action. The party seeking fees must also show the total fees incurred were reasonable. Factors relevant to that determination include '[t]he nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure of the attorney's efforts, the attorney's skill and learning, including his [or her] age and experience in the particular type of work demanded.' (*Los Angeles v. Los Angeles Inyo-Farms Co.* (1933) 134 Cal.App. 268, 276, cited with approval in *Fracasse*, at p. 791; . . ." (*Mardirossian*, at p. 272.)

Despite our Supreme Court's pronouncement and more than 40 years of precedent, Mann and Cook take the position that the trial court should have calculated their fees pursuant to *Cazares*, and not *Fracasse*. We disagree.

In *Cazares*, Phil Saenz retained cocounsel, Roy Cazares, to work on a personal injury case. (*Cazares, supra*, 208 Cal.App.3d at pp. 282–283.) Mr. Cazares was a partner in a two-man law firm, Cazares & Tosdal. Mr. Saenz was not comfortable with Mr. Tosdal and was not willing to work with him. (*Ibid.*) Mr. Cazares and Mr. Saenz agreed to split the contingency fee 50/50. (*Id*. at p. 283.) Mr. Cazares worked on the case for two and one-half years before the Cazares & Tosdal partnership was terminated and another year before he was appointed to the bench. (*Ibid.*) He urged Mr. Saenz to accept Mr. Tosdal's help, but Mr. Saenz refused. (*Id*. at pp. 283–284.) After Mr. Saenz settled the case, the defunct partnership sought one-half of the attorney fees Mr. Saenz had collected. (*Id*. at p. 284.) The *Cazares* court concluded that Mr. Cazares's inability to complete the agreement discharged all obligations under the agreement, subject only to Mr. Cazares's right to recover the reasonable value of the services rendered before his

4

discharge.  (*Id*. at p. 282.)  The *Cazares* court stated that on remand, the fees should be calculated pro rata, "where the numerator is the value of the legal services rendered by the particular attorney or firm at issue and the denominator is the aggregate value of all the legal services rendered by any attorney in the case."  (*Id*. at p. 288.)

*Cazares* is distinguishable.  *Cazares* did not involve successively retained attorneys, but attorneys who expressly agreed to share a contingent fee.  (*Cazares, supra,* 208 Cal.App.3d at p. 290, fn. 13 ["this case does not involve a client's retention of successive attorneys"].)  Unlike *Cazares*, Mann, Cook and Carrillo had no agreement to divide the contingent fee pro rata.  Thus, the trial court here was not called upon to determine what portion of an incomplete contract was performed by which attorneys.  *Cazares* applies when, unlike here, there are multiple attorneys seeking compensation from a pot capped by the contingent fee, which is insufficient to satisfy the quantum meruit claims by more than one attorney.

It is undisputed here that the $300,000 contingent fee was sufficient to satisfy the fees of all attorneys involved.  Thus, the traditional *Fracasse* rule applied.  Only where the contingent fee is insufficient to meet the quantum meruit claims of both discharged and existing counsel, does the trial court distribute the contingent fee among all discharged and existing attorneys in proportion to the time spent on the case by each attorney.  (*Spires v. American Bus Lines* (1984) 158 Cal.App.3d 211, 216.)

Mann and Cook argue that the trial court should nevertheless have used the *Cazares* pro rata formula because both parties agreed on that formula.  To be sure, the trial court asked the parties more than once how it should calculate the attorney fees of Mann and Cook.  But the portions of the record cited by the parties seem to reflect fluctuating responses by the parties.  Moreover, Mann's and Cook's position is not significantly enhanced even if *Cazares* applied.  *Cazares* recognized that the trial court retained the discretion to adjust a pro rata award "upward or downward to account for difficulty of the work or other relevant factors."  (*Cazares, supra*, 208 Cal.App.3d at

5

p. 289.) This is precisely what the trial court did here, by awarding Mann and Cook an extra $50,000 for the value they added to the case.[1]

We conclude that the trial court did not err in calculating the attorney fees of Mann and Cook pursuant to the traditional *Fracasse* rule.

### III. No Abuse of Discretion

Mann and Cook contend that the trial court abused its discretion by failing to award all of the time of the Mann & Cook attorneys. Again, we disagree.

Mann and Cook complain that the trial court was simply "wrong" in not awarding any time for attorneys Geren and Cook, without citing any authority. It is clear from the record that the trial court carefully reviewed the timesheets. Indeed, as noted by the trial court in its statement of decision, the court "reviewed and analyzed, in detail, all of the time records and the documents submitted by the parties, and considered the testimony of the witnesses including their demeanor and credibility." The court explained its reasons for excluding the time of Geren and Cook. The trial court stated that while Geren was the contact person, he performed duplicative and unnecessary tasks, and did not have the expertise and knowledge to handle the case, which is why he brought in Mann. The trial court did not award any of Cook's time "because he admittedly was not very involved in the case," his time was "essentially duplicative of Mr. Mann's," and "most of the tasks that are on his time sheets are covered by Mr. Mann's time sheets." The trial court also noted that it was awarding all of Mann's time at $700 an hour, and stated "I just didn't think the extra partner at that level was reasonable."

Mann and Cook next complain that the trial court erred in not reimbursing Anderson-Baker for any of the time she spent on a DUI matter for Hernandez. They point out that Hernandez was arrested for DUI about two months after she complained to the Bell police department about being sexually assaulted by one of its officers, and

---

[1] The trial court found that Carrillo's timesheets were not credible; they contained errors and inconsistencies and appeared to have been made after the fact as the trial approached. While the trial court noted that it would have been difficult to value Carrillo's services given his inaccurate time records, the court correctly found that under the *Fracasse* rule, the court was not required to evaluate his time.

6

therefore it was reasonable to assume that the DUI arrest might be retaliatory. But the trial court explained that the DUI case was not covered by the language in the retainer agreement with Hernandez, which expressly stated that "no other services are covered by this agreement" other than the sexual assault that occurred on May 16, 2007. The trial court also found that the DUI case should have been referred to a criminal lawyer from the beginning.

Finally, Mann and Cook complain that the trial court abused its discretion in not compensating for any of the time spent by a paralegal and a law student. It is true that the trial court gave no explanation for its decision not to award their time. But that does not mean the trial court abused its discretion. The court awarded time for another paralegal. Our own review of the timesheets shows that the second paralegal spent a total of 22.35 hours from June 2007 through September 2008, indicating that she was not heavily involved in the case, and that the law student spent a total of 20.25 hours, mostly on telephone calls.

In "fixing the fees of attorneys, the [trial] court is vested with a wide discretion and the court's award of an amount for such fees will be disturbed only when it is manifest that there has been a palpable abuse of such discretion. [Citations.]" (*Los Angeles v. Los Angeles-Inyo Farms Co., supra*, 134 Cal.App. at p. 274.) "'The value of legal services performed in a case is a matter in which the trial court has its own expertise. [Citation.] The trial court may make its own determination of the value of the services contrary to, or without the necessity for, expert testimony.'" (*PLCM Group, Inc. v. Drexler, supra,* 22 Cal.4th at p. 1098.) Here, the trial court reviewed the timesheets and other documentary evidence presented by the parties and heard the testimony at trial. On the record before us, we do not find an abuse of discretion.

**DISPOSITION**

The judgment is affirmed.  Respondents are entitled to recover their costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
                          ASHMANN-GERST


We concur:


_____, P. J.
      BOREN


_____, J.[*]
      FERNS

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.