[L. A. No. 3135.   Department Two.—May 29, 1913.]

## GEORGE F. ZIMMER, Appellant, v. MARY WOODMAN KILBORN, Respondent.

ACTION FOR PROFESSIONAL SERVICES—PLEADING—TRIAL ON MERITS—APPEAL—SUFFICIENCY OF DENIALS OF VALUE IN ANSWER.—In an action to recover the value of professional services, the plaintiff who went to trial upon the *quantum meruit* without objecting to the sufficiency of the denials in the answer of the averments of the complaint as to the value of the services, cannot raise such objection for the first time on appeal.

ID.—OPINION OF EXPERTS AS TO VALUE OF LEGAL SERVICES—JURY NOT BOUND BY.—The opinions of experts as to the value of legal services are not binding on the jury. The jurors have the right, notwithstanding the absence of evidence contradicting that of the experts, to determine the value of such services in the light of their own experience, and to render a verdict for a sum less than that mentioned by any witness, if they believed that amount a sufficient compensation for the work performed.

ID.—ADMISSION OF IMMATERIAL EVIDENCE AS TO OTHER SERVICES.—In such action, the admission of evidence that the plaintiff had performed services for the defendant other than those sued for, and had been paid for the same, even if erroneous, was without prejudice to the plaintiff. And the refusal of the court, at the request of the plaintiff, to instruct the jury to disregard such testimony was also without prejudice to him.

ID.—INSTRUCTIONS—RIGHT TO REASONABLE COMPENSATION FOR SERVICES. Where the plaintiff's claims were for separate and definite services alleged to have been performed in litigation connected with two distinct estates, and the jury were properly instructed that in the absence of a special contract the plaintiff would be entitled to receive a reasonable amount for the work performed and it would be their duty "to determine from the evidence what such services were reasonably worth," it was not error to refuse a further instruction to the effect that the amount of compensation for services in each proceeding would be distinct from that to be awarded for services in the other and should be separately assessed.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Stanley A. Smith, Judge presiding.

The facts are stated in the opinion of the court.

Waldo M. York, and Murphey & Poplin, for Appellant.

James G. Maguire, and D. Joseph Coyne, for Respondent.

MELVIN, J.—Plaintiff obtained judgment for five hundred dollars, but being dissatisfied appeals therefrom and from an order denying his motion for a new trial.

The suit was on an assigned claim for services alleged to have been performed by J. L. Murphey and the law firms of Murphey & Schmidt and Murphey & Poplin for and on behalf of the defendant. We have discussed the pleadings in the opinion this day filed, *ante*, p. 521, [132 Pac. 1025], sustaining

the order by which plaintiff's motion for judgment on the verdict for the full sum sued for in the complaint was denied.

The first point made by appellant is that there was no evidence to justify the verdict as to the amount of the recovery. It is true that all of the expert witnesses sworn on behalf of plaintiff testified that the services rendered were of greater value than five hundred dollars. Plaintiff also contends that the form of the answer admits the services to have been of any value less than the exact amount claimed. The latter contention is not tenable because the plaintiff went to trial upon the *quantum meruit* without objecting to the sufficiency of the denials in the answer of the essential averments of the complaint. *(San Luis Water Co.* v. *Estrada,* 117 Cal. 172, [48 Pac. 1075] ; *Rawlins* v. *Ferguson,* 133 Cal. 470, [65 Pac. 957] ; *Milwaukee Mechanics' Insurance Co.* v. *Warren,* 150 Cal. 353, [89 Pac. 93].)

The fact that the defendant offered no evidence to contradict that of the attorneys who testified regarding the value of the services rendered by plaintiff's assignors did not prevent the jurors from considering the matter in the light of their own experience nor cut them off from the right to return a verdict in favor of plaintiff for a sum less than that mentioned by any witness if, in their discretion, they believed the amount returned by their verdict a sufficient compensation for the work performed. The opinions of experts in such cases as this are not binding upon the jury. (See *Spencer* v. *Collins,* 156 Cal. 306, [20 Ann. Cas. 49, 104 Pac. 320], and cases cited.)

Defendant was permitted to testify that Mr. Murphey performed certain services for her as special administratrix of her mother's estate, for which, on the court's order, she paid him eight hundred and fifty dollars. This is assigned as error, because neither the complaint nor the answer involved any question of the value of services performed for Miss Kilborn as such special administratrix. Conceding that the ruling admitting such testimony was erroneous, we fail to see how plaintiff was injured thereby. At the most the testimony indicated merely that there had been another transaction between the attorney and his client which had been terminated by a payment for his services made pursuant to an order of court. We cannot see how this fact could have

prejudiced or harmed the plaintiff in the present litigation. The court was requested to instruct the jury to disregard the testimony relating to the fee paid to Mr. Murphey as attorney for the special administratrix, but refused to do so. As the testimony itself was harmless, the refusal to give the instruction was also without prejudice to plaintiff.

The court also refused to give an instruction to the effect that if there was no contract providing that all of the services were to be performed for defendant in the matter of the estate of William Henry Kilborn, deceased, and in the matter of the estate of Julia Ann Kilborn, deceased, as one employment at an agreed fee for both proceedings, then the amount of compensation for services in each proceeding would be distinct from that to be awarded for services in the other and should be separately determined. There was no error in refusing to give this instruction. The court had told the jury that if there had been no meeting of the minds of Mr. Murphey and Miss Kilborn regarding the employment of the attorney for a contingent fee, then there had been no such contract as was alleged in the answer and in that case the attorney or the partnerships would be entitled to receive a reasonable compensation for the work performed and "it would be the duty of the jury to determine from the evidence what such services were reasonably worth." The objection to this instruction is that it "practically tied the services in both estates together as one employment, which was not warranted by the evidence nor by the pleadings." There is no force in this objection. The jury could not have been in doubt upon this subject, because plaintiff's claims were for separate and definite services alleged to have been performed in litigation connected with the two estates. His demands were set forth in different counts of the complaint and were separately answered. It would have been impossible for the jury to follow the instruction given without considering each item of service performed in each case, and the instruction refused was therefore unnecessary.

The judgment and order are affirmed.

Henshaw, J., and Lorigan, J., concurred.