[Civ. No. 6244.   Third Appellate District.—June 28, 1939.]

In the Matter of the Estate of MARIAN E. POMIN, Deceased.   ED. W. GENBERG, Executor, etc., Appellant, v. JOHN F. SNYDER et al., Respondents.

E. J. Rice, Jr., for Appellant.

Frank J. Hennessy and I. Karmel for Respondents.

THOMPSON, J.—The executor of the last will of Marian E. Pomin, deceased, has appealed from an order allowing him $2,978.30, in compensation for extraordinary services under the provisions of section 902 of the Probate Code, on the ground that it is inadequate.

Only one question is involved on this appeal. It is contended the court abused its discretion in allowing the executor only about one-half of the compensation which he demanded for extraordinary services since there was no oral evidence to refute the testimony of expert witnesses in his behalf to the effect that the services were reasonably worth $6,000.

The deceased died July 10, 1936, possessed of an estate valued at $182,579.70, consisting of real property of the value of about $70,000, including a summer resort on Lake Tahoe known as "Pomin's Resort"; furniture and equipment of the value of about $17,000; securities in the nature of stocks and bonds of the value of $31,769.09; cash on hand in an amount in excess of $38,000; jewelry appraised at $1300 and other personal property. One annual account was settled prior to the final account. The executor was allowed regular commissions for administering the estate in the sum of $2,978.30. His attorney was allowed regular fees in a similar amount. In his final account which was filed in May, 1938, the executor asked for additional compensation for extraordinary services amounting to $6,000 and his attorney demanded $1250 for his unusual services. The court allowed the attorney's fees in the full amount demanded, and that item is not involved on this appeal. The court in its discretion allowed the executor as additional compensation the same amount which he was paid as regular commissions for administering the estate, to wit: $2,978.30. The unusual services of the executor consisted of supervising the operation of the summer resort through one season, settling a lawsuit which was brought against the estate for alleged damages amounting to $29,000 and adjusting a claim of $150 for revenue taxes. The suit was compromised by paying the plaintiff therein the sum of $19,356.64. We are not informed of the merits of that compromise. The executor did not personally maintain the summer resort. He employed Mabel Swain as a manager, who was paid from the estate a salary of $1250 in 1936 and $1800 in 1937. The season lasted from May to September. Dur-

ing the time the executor acted as executor of the estate he was employed as the active manager of the Polk-California branch of the American Trust Company at San Francisco. But he did visit the Pomin Resort ''week ends, and at other times while it was open''. He spent seven days there at one time, and devoted much time to its maintenance.

The executor and three expert witnesses testified that his extraordinary services were reasonably worth $6,000. The heirs filed an opposition to the allowance of the additional compensation claimed by both the executor and the attorney. The matter was, however, submitted to the court for determination on the evidence adduced by the executor, together with the proceedings of the estate, which were before the court. The court found that ''the facts disclosed by the evidence did not warrant the allowance of . . . said sum of $6000.00''; that said sum ''was excessive and the executor was not entitled to be allowed . . . more than the sum of $2978.30 for said extra . . . services''.

The court thereupon allowed the executor the sum of $2,978.30 as compensation for extraordinary services, which is exactly the amount previously allowed for his regular services for administering the estate. From that order this appeal was perfected.

There appears to have been no abuse of discretion on the part of the trial judge in allowing the executor only $2,978.30 as compensation for extraordinary services in connection with his probating the estate of said deceased person, in spite of the fact that no oral evidence was adduced to rebut the testimony of expert witnesses called by the executor to prove the value of such services. We are of the opinion a probate judge, who has before him all of the proceedings of an estate, together with evidence of the exact nature of extraordinary services performed incident to probating it, is not bound to fix the compensation therefor, under section 902 of the Probate Code, at the estimated value testified to by expert witnesses produced by the executor, even though no witness is called to dispute their opinions in that regard. It is the province of the trial judge, under such circumstances, in the exercise of sound discretion, to determine the weight of the evidence and the value of the services performed and to allow the executor or attorney such sum ''as the court may deem just and reasonable for any extraordinary services''. (Sec. 902, Prob.

Code; *Zimmer* v. *Kilborn,* 165 Cal. 523 [132 Pac. 1026, Ann. Cas. 1914D, 368]; *Estate of Broome,* 162 Cal. 258, 263 [122 Pac. 470]; *Estate of Larzelere,* 4 Cal. App. (2d) 483, 486 [41 Pac. (2d) 362]; *Estate of Parker,* 186 Cal. 671 [200 Pac. 620].)

Section 902 of the Probate Code authorizes the court to determine and award only ''such further allowances . . . *as the court may deem just and reasonable* for any extraordinary services''. In the case of *Zimmer* v. *Kilborn, supra,* an appeal from a judgment which was rendered for less than the amount claimed in a suit for an assigned claim of a special administrator and his attorney for services rendered by both, in which there was no evidence to rebut the plaintiff's expert testimony as to the value of the services performed, the judgment was affirmed. The court said:

''The first point made by the appellant is that there was no evidence to justify the verdict as to the amount of the recovery. It is true that all of the expert witnesses sworn on behalf of plaintiff testified that the services rendered were of greater value than five hundred dollars. . . . The fact that the defendant offered no evidence to contradict that of the attorneys who testified regarding the value of the services rendered by plaintiff's assignors did not prevent the jurors from considering the matter in the light of their own experience nor cut them off from the right to return a verdict in favor of plaintiff for a sum less than that mentioned by any witness if, in their discretion, they believed the amount returned by their verdict a sufficient compensation for the work performed. The opinions of experts in such cases as this are not binding upon the jury. (See *Spencer* v. *Collins,* 156 Cal. 298, 303 [20 Ann. Cas. 49, 104 Pac. 320], and cases cited.)''

The preceding case determines the very point contended for by the appellant in the present proceedings. Here it is insisted there is a clear showing of an abuse of discretion on the part of the judge in allowing less than any witness testified the extraordinary services were worth. Certainly if jurors have the right to weigh the evidence of expert witnesses and exercise their own knowledge of the valuation of the services of either an attorney or an administrator in determining the amount to award in compensation therefor, a probate judge, who has all the proceedings before him, together with evidence of the exact nature of the services per-

formed, may use his wide knowledge and experience in the probating of estates to determine in an exercise of sound discretion what amount he "may deem just and reasonable" to compensate him for the services.

The testimony of expert witnesses with respect to the value of personal services rendered by an executor incident to the probating of an estate, or in maintaining the business of a summer resort in connection therewith, is subject to critical examination, since it constitutes mere opinions susceptible of prejudice or speculation. Such opinion testimony has been termed weak and unsatisfactory. (Jones Ev., Civil Cases, 3d ed., p. 591, secs. 390, 391.) The authorities are uniform in holding that such opinion evidence is not conclusive upon a court or a jury. (22 C. J. 595, sec. 691; 2 Jones Ev., Civil Cases, 4th ed., p. 730, sec. 386a; Ann. Cas. 1914D, 369; *Zimmer* v. *Kilborn, supra.*) In 22 Corpus Juris, *supra,* it is said in that regard:

"The probative weight to be accorded to the estimates of witnesses as to value is entirely a matter for the jury, whose action is not controlled by the fact that the evidence of the witness is uncontradicted."

The appellant concedes that the foregoing rule applies to the fixing of compensation of an attorney at law. In affirming an order for attorney's fees under circumstances similar to those of the present case, where the appellant contended that the trial court was bound by the uncontradicted evidence of expert witnesses, the court said, in *Freeze* v. *Pennie,* 110 Cal. 467, at page 469 [42 Pac. 978]:

"The true rule is the one there announced, and that is, the trial court is not bound to fix the amount of the fee in accordance with the opinion of expert gentlemen, learned in the law. While such evidence is proper, and always admissible by way of assisting the court in arriving at a conclusion, it is not at all conclusive upon the trial court; and it is for that court to say, upon a consideration of all the evidence, *taken in connection with its own best judgment,* what would be a fair and just allowance for the services rendered."

We see no valid reason for distinguishing between the authority of the court in fixing just and reasonable compensation of either attorneys or executors for services rendered in the course of probating an estate in all of which matters the probate judge is presumed to be skilled. We are of the opin-

ion the same rule prevails with respect to the fixing of compensation for extraordinary services of both attorneys and executors under the provisions of the Probate Code. In *Estate of Fulton,* 23 Cal. App. (2d) 563, 567 [73 Pac. (2d) 664], it is said in that regard:

"Section 902, *supra,* leaves the matter within the sound discretion of the trial court, and does not make it mandatory upon the court to grant extra allowance of fees on account of services. In making such allowance or disallowing a claim therefor, the trial court necessarily takes into consideration the value of the estate, the work performed by the attorney in the routine administration thereof, and the amount to which the attorney would legally be entitled, calculated according to the provisions of the Probate Code, and if the sum allowed by law appears to be a reasonable compensation, even though the attorney may have performed some extraordinary services, it is within the sound discretion of the trial court to disallow claims for extra compensation, and unless it appears that there has been an abuse of discretion, an appellate court is not at liberty to disturb the conclusion of the trial court."

Accordingly, it follows that, in the present case, it was proper for the court to consider the entire compensation paid to the executor for his ordinary services in administering the estate, including the question as to the nature and value of the services he rendered; whether the compromise of the damage suit was advantageous to the estate, and whether the summer resort was conducted at a profit or at a loss to the estate. The record discloses the fact that the cash receipts from the summer resort during the season of 1937 were $24,184.26, while the amount expended on that account was $27,160.95. The very fact that the executor was paid for extraordinary services an amount equal to the entire sum which he received for his regular services may be some indication that the extra compensation allowed was not inadequate. Section 1618 of the Code of Civil Procedure, which formerly provided for compensation for extraordinary services, limited the amount to one-half of the regular commissions allowed by the statute. (Stats. 1909, p. 252.) That section was amended in 1925 so as to eliminate the limitation of the sum which might be allowed for extraordinary compensation. Still it would seem to be proper in determining

the "just and reasonable" sum to be allowed as extra compensation to take into consideration the ratio which it bears to the amount of commissions allowed for regular services performed.

Considering the entire record, we are of the opinion the trial court allowed the executor a just and reasonable amount for extraordinary services. At least, it does not appear there was an abuse of discretion on his part in making the allowance.

The order is affirmed.

Tuttle, J., and Pullen, P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 24, 1939.