[Civ. No. 15511. First Dist., Div. Two. July 3, 1953.]

Estate of EDWIN B. MILLS, Deceased. HELEN C. MILLS, as Administratrix, etc., Appellant, v. ANNA EDNA MILLS, as Judgment Creditor, etc., Respondent.

Wagener & Brailsford and Donohue, Richards, Rowell & Gallagher for Appellant.

Nichols, Elerding & Sherman for Respondent.

NOURSE, P. J.—From an order settling the account of administratrix and fixing her fees for special services she appeals contending that the amount allowed was insufficient. Appellant is the divorced widow of decedent. His mother, who is a judgment creditor in the sum of $10,000, contested the application. The trial court allowed appellant $1,500 for such additional services rendered in the conduct of the store which was the principal asset of the estate. The account of the operations of the store for the period in question showed an income of $32,626.62, with disbursements of $31,839.35. The trial court tried the issue on the hearing to the question of what was the value of appellant's services to the estate.

■ The first point raised by appellant is that the trial court erred in rejecting her offer of proof. It was not in fact an offer of proof but a statement and argument of counsel based on the evidence already before the court. Every evidentiary fact upon which appellant relied as proof of the value of her services was already in the record and counsel's "offer of proof" was merely a restatement of that evidence and an argument as to its value as evidence. The court merely informed counsel that it accepted as true all the facts stated and that any further evidence of those facts would be "superfluous." There was no error in the ruling, particularly since the whole probate file showing these services was before the court. The court thus had judicial knowledge of their value. *Estate of Pailhe,* 114 Cal.App.2d 658, 664 [251 P.2d 76].

■ The second point raised is that the trial court erred in not allowing appellant a greater amount for these services. This raises the simple question of discretion since the fixing of such fees is manifestly a matter lodged in the discretion of the trial court and one which cannot be interfered with by a reviewing court unless the abuse of such discretion is manifest. The rule is clearly stated in *Estate of Fulton,* 23 Cal.App.2d 563, 567 [73 P.2d 664], as follows: "Section 902, *supra,* leaves the matter within the sound discretion of the trial court, and does not make it mandatory upon the court to grant extra allowance of fees on account of services. In making such allowance or disallowing a claim therefor, the trial court necessarily takes into consideration the value of the estate." See, also, *Estate of Pomin,* 33 Cal.App.2d 544 [92 P.2d 479]. None of the cases cited by appellant is to the contrary.

Order affirmed with costs to respondent.

Dooling, J., and McComb, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 27, 1953.

*Assigned by Chairman of Judicial Council.