Argued March 5, affirmed April 4, 1962

# STATE HIGHWAY COMMISSION *v.*
## ZACHARY ET AL
### 370 P. 2d 237

*Joel B. Reeder,* Medford, argued the cause for appellants. On the briefs were Jones, Reeder & Bashaw, Medford.

*J. Robert Patterson,* Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Robert Y. Thornton, Attorney General, L. I. Lindas, Assistant Attorney General and Chief Counsel for the Oregon State Highway Commission, and William A. Mansfield, Assistant Attorney General, Salem.

Before McALLISTER, Chief Justice, and WARNER, SLOAN and O'CONNELL, Justices.

McALLISTER, C. J.

This is a proceeding to condemn land in Jackson county for the relocation of the Pacific Highway. The jury awarded defendants an amount greater by about $15,000 than that tendered them by the highway commission before it commenced the action. Thereafter the judge held a hearing and pursuant to ORS 366.380 (9)① allowed the defendants an attorney's fee of $3,750. Defendants appeal.

■ The only assignment of error states that the court "erred by fixing defendants' attorneys fees in an amount not supported by any substantial, competent evidence." We think this assignment of error is without merit. Defendants called two attorneys as expert witnesses, one of whom testified that a reasonable fee for the services performed by defendants' attorneys was $7,150. The other testified that a reasonable fee for the services performed was $6,000. This testimony was sufficient to support the finding of the trial court.

① ORS 366.380(9) "The costs and disbursements of the defendants, including a reasonable attorney's fee to be fixed by the court, shall be taxed by the clerk and recovered from the state; but if it appears that the commission tendered the defendants before commencing the action an amount equal to or greater than that assessed by the jury, the state shall recover its necessary disbursements from the defendants."

■ The trial judge was not bound to allow an attorney's fee within the limits fixed by the expert testimony. *Officer v. Cummings et al,* 127 Or 320, 272 P 273; *Tillamook County v. Johnson,* 96 Or 623, 190 P 159, 10 ALR 448; *Lockhart v. Ferrey,* 59 Or 179, 115 P 431; *St. Louis-San Francisco Ry. Co. v. Hurst,* 198 Ark 546, 557-58, 129 SW2d 970, 975, 122 ALR 965 (1939); *Zimmer v. Kilborn,* 165 Cal 523, 525, 132 P 1026 (1913); *Estate of Pomin,* 33 Cal App2d 544, 92 P2d 479 (Dist Ct App 1939); *Adams v. Brothers,* 155 Kan 23, 122 P2d 757, 758 (1942); *Head v. Hargrave,* 105 US 45, 47-50, 26 LEd 1028 (1881); 5 Am Jur—Attorneys at Law 377 § 192. For applications of the same rule in cases not involving attorney's fees, see *Hasbrook v. Lynch,* 146 Or 363, 30 P2d 358; *Paine v. Meier & Frank Co.,* 146 Or 40, 27 P2d 315, 29 P2d 531; *Littlepage v. Security S. & T. Co.,* 137 Or 559, 3 P2d 752 (1931).

■ Defendants insist that the fee allowed in the court below was grossly inadequate and urge this court to retry the issue *de novo* and increase the fee allowed. This we have no right to do since the findings of the trial court have the same force and effect as a jury verdict and may be set aside only if they are not supported by any substantial, competent evidence. See *State v. Kendrick,* 72 Adv Sh 1379, — Or —, 363 P2d 1078, and authorities there cited.

Since there is no merit in the only assignment of error, the judgment is affirmed.