Argued October 30, reversed and remanded November 25, 1970

BEEMER, *Respondent, v.* LENSKE, *Appellant.*

477 P2d 886

*Reuben Lenske*, Portland, argued the cause and filed the briefs pro se, appellant.

*Robert P. Dickinson*, Beaverton, argued the cause and filed the brief for respondent.

Before O'CONNELL, Chief Justice, and DENECKE, TONGUE and HOWELL, Justices.

TONGUE, J.

This is the second appeal by defendant from a jury verdict and judgment in an action by an account-

ant to collect for the reasonable value of services rendered by him to defendant during the defense of defendant's criminal tax fraud case.

On the previous appeal from a judgment of $5,400 in favor of plaintiff, this court remanded the case for a new trial for error in excluding evidence offered by defendant, holding that in an action for the reasonable value of services, and under a general denial, the defendant is entitled to show "any matter affecting the value of the services, such as the fact that the work was unskillfully performed." *Beemer v. Lenske*, 241 Or 47, 49, 402 P2d 90 (1965).

On retrial the jury returned a verdict, again in favor of plaintiff and against defendant, in the sum of $5,178.61 as the remaining amount payable for plaintiff's services. Plaintiff had originally submitted a bill in the sum of $17,904.81, of which $11,000 had been paid by defendant.

In appealing from the resulting judgment defendant's principal assignment of error is that the trial judge again excluded evidence affecting the value of the services and tending to show that the work was unskillfully performed.

The excluded evidence was the transcribed testimony of another accountant, who had testified on behalf of defendant at the former trial. That testimony was offered by defendant as the testimony given on a former trial by a witness who was unavailable on the subsequent trial for the reason that he was out of the state. Plaintiff objected, contending that testimony of such an out of state witness could only be offered when taken by deposition. The trial court sustained the objection and excluded the testimony.

Later, however, upon motion for new trial, the

trial judge apparently recognized that the offered testimony satisfied the requirements of ORS 41.900 (8) relating to testimony of a witness out of the state or unable to testify, given in a former action between the same parties, relating to the same subject matter. But after studying a transcript of the offered testimony, the motion for new trial was denied and it was held by the trial court that "such error was not prejudicial to defendant's cause."

Plaintiff, whose objection was responsible for the exclusion of the 20-odd pages of such testimony, contends that the trial court was correct in holding that defendant was not prejudiced for the reason that many other accountants were available in Portland who could have testified for defendant; that defendant himself qualified himself as an expert witness on the same matters; that defendant also had contended that this same out of state witness had made major errors affecting the value of his services when sued by that witness for such services, and that the jury verdict on the second trial, even without such testimony, was $200 lower than the verdict in the first trial, at which that witness had testified.

■ We cannot agree that the exclusion of such testimony was not prejudicial to defendant. Although other expert witnesses might have been available in Portland, this witness not only testified at the first trial as an expert tax accountant, but possibly had more experience than plaintiff in tax fraud cases. He was also the accountant who not only observed, but took over, plaintiff's work as an accountant during the later stages of the defense of defendant's tax fraud case. His testimony, if believed by the jury, tended to support defendant's contention that "the crux of his

need" for the services of an accountant in the defense of a tax fraud case (particularly a "net worth" case, such as defendant's) was in studying the net worth statement, schedules and other materials prepared and offered in evidence by the government and in discovering errors and possible "adjustments" in such materials. Thus, that accountant testified, among other things, that plaintiff had overlooked some 25 errors or "adjustments," the total of which "wiped out" any tax liability for two of the four years in question.

██ The fact that defendant testified to the same effect does not remove the possible prejudice resulting from the exclusion of that testimony, since the jury could have believed that witness, although disbelieving the defendant. Also, we do not know what other evidence was admitted or excluded on the first trial of this case and defendant was entitled to have each jury make its own independent evaluation of the evidence. Thus, the fact that the two jury verdicts were for similar amounts does not necessarily demonstrate that even if such evidence had been received, as on the first trial, the second verdict would still have been substantially the same on the second trial.

█ Defendant also assigns as error the refusal of the court to instruct the jury that it was not bound by the testimony of experts on the value of professional services (an accountant, in this case) and that the jurors had a right to take into consideration their own experience in determining the value of such services. See *Head v. Hargrave*, 105 US 45, 47, 26 L ed 1028, SC 15 Otto 45-51 (1881). See also *State Highway Commission v. Zachary*, 230 Or 381, 382, 370 P2d 237 (1962). Since, in this case, plaintiff had called three expert witnesses to testify to the value of his services,

and since it is well established that neither a court nor jury was bound by such testimony, the requested instruction should have been given.

Because this case must thus be again remanded for a new trial, we have also examined defendant's remaining assignments of error. We find, however, that they are without merit.

Reversed and remanded.