Argued April 6, affirmed May 27, 1976

BUILDERS DESIGN & DRAFTING
SERVICES, INC., *Respondent and Cross-Appellant,*
*v.*
HIDDEN VILLAGE INTERNATIONAL, INC. et al,
*Defendants,*
SNYDER, *Appellant and Cross-Respondent.*

549 P2d 1260

*Donald C. Walker,* Portland, argued the cause and
filed a brief for appellant and cross-respondent.

*Jeffrey A. Babener,* Portland, argued the cause for

respondent and cross-appellant. With him on the brief were McMenamin, Joseph & Herrell, Portland.

DENECKE, J.

## DENECKE, J.

Plaintiff brought this action to recover the agreed price for the preparation of architectural drawings. The jury found against the defendant Shirlee Snyder. She appeals.

The only issue at trial was whether Shirlee Snyder was personally obligated for plaintiff's services.

The defendant Hidden Village International, Inc., was a corporation which planned to build a condominium. Shirlee Snyder was president and a stockholder. She signed the contract for plaintiff's services, "Owner: Shirlee Snyder," with no indication she was signing only on behalf of Hidden Valley.

Hidden Valley did not appear and upon plaintiff's motion the trial court directed a verdict against it. Shirlee Snyder contends that this action is fatally inconsistent with also holding her liable; that is, she contends, either the corporation or the individual is liable but both cannot be liable. We conclude to the contrary.

The complaint alleged that all the defendants agreed to pay plaintiff. There was evidence that the parties intended that Shirlee Snyder would be personally liable. The testimony of plaintiff's manager was to the effect that if all went well it would expect to be paid by Hidden Valley; however, it also wanted the personal responsibility of Shirlee Snyder.

We recently affirmed a finding by a jury of a similar arrangement: *Geer v. Farquhar,* 270 Or 642, 528 P2d 1335 (1974).

We have considered defendant Snyder's contention that the trial court erred in failing to grant a mistrial and conclude the trial court did not err.

Defendant Snyder's objection to the award of attorney fees has been decided adversely to her by *Gorman v. Boyer,* 274 Or 467, 547 P2d 123 (1976).

■ Plaintiff complains that the trial court did not allow it a sufficient attorney fee. There was substantial evidence to support the trial court's award of fees; therefore, its ruling is sustained. *Highway Com. v. Zachary,* 230 Or 381, 370 P2d 237 (1962).

Affirmed.