[No. 5,952.]

## UPSTONE v. WEIR.

CONTRACT OF SALE—MEASURE OF DAMAGES.—The measure of damages for a partial breach of a buyer's contract to purchase personal property is recompense to the seller at the contract price for the part performance, and indemnity for his loss in respect to the part unexecuted. Accordingly, where a buyer contracted to purchase a certain quantity of iron-work, and, after accepting a portion thereof, declined to receive the balance: *Held*—in an action by the seller for the breach—that the plaintiff was entitled to recover for the iron-work furnished such a proportion of the whole contract price as the quantity which he furnished bears to the whole quantity contracted for; and, in addition, the profit he would have made if he had been allowed to complete his contract; together with the damages he incurred in providing means for furnishing the residue of the iron-work called for by the contract.

ID. — ASSUMPSIT.—In such case, if the buyer should waive his contract, and sue in general assumpsit, the measure of damages would be the value of the property delivered.

ID. — INTEREST.—In the former case, the plaintiff is entitled to interest on the amount found due from the time of his demand.

APPEAL from a judgment in favor of plaintiff, and from an order denying a new trial, in the Fourth District Court, City and County of San Francisco. MORRISON, J.

The facts are stated in the opinion.

*Eugene B. Drake,* for Appellant.

*S. Rosenbaum,* for Respondent.

Department No. 2, SHARPSTEIN, J.:

This is an action for the recovery of a balance alleged to be due from the defendant to the plaintiff upon a written contract entered into between them, by which the plaintiff agreed to furnish, and the defendant to receive a certain quantity of iron-work at a stipulated price. In consequence of the defendant's refusal to receive the quantity specified in the contract, the plaintiff furnished less than that quantity, but all that the defendant required or would receive. Upon this state of facts the plaintiff contends that he is entitled to recover the contract price for the entire quantity specified in the contract. The action was tried before a jury, and the Court admitted evidence, subject to the objection of the plaintiff that it was irrelevant, which tended to prove that the quantity of iron-work actually furnished was worth $307 less than the quantity specified in the contract. But afterward, on motion of plaintiff, that evidence was stricken out by order of the Court, to which the defendant excepted. The following extract from the instruction of the Court to the jury is sufficient to illustrate the theory upon which the Court ordered that evidence stricken out:

" The facts are not disputed. The question is simply a question of law. It is admitted on both sides that the plaintiff did not furnish 2,176 feet of bond iron, and, therefore, it is claimed he is not entitled to recover the whole amount which was agreed to be paid. But the Court instructs you that, if he furnished all that was demanded of him, enough to complete the building, and is ready to furnish the balance, or was ready to furnish all that was required of him under these

specifications, he is entitled to a verdict. It is not pretended that he was called upon to furnish any more. He furnished it as he was called upon to furnish it, until they had enough. That is my understanding of the evidence. Under this state of facts he is entitled to the full amount agreed upon to be paid."

Does that instruction lay down the true rule as to the measure of damages in this case? The rule, as we understand it to be, is this: The plaintiff, having sued upon the contract, is entitled to recover, for the iron-work furnished, such a proportion of the whole contract price as the quantity which he furnished bears to the whole quantity contracted for; and, in addition to that, the profit which he would have made, if he had been allowed to complete his contract, together with the damages he incurred in providing means for furnishing the residue of the iron-work called for by the contract, but not delivered, because of the defendant's breach.

More succinctly stated, the rule is, recompense to the plaintiff for the part performance, and indemnity for his loss in respect to the part unexecuted. (*Hale* v. *Trout*, 35 Cal. 229; *Black* v. *Woodrow*, 39 Md. 194; *Friedlander* v. *Pugh*, 43 Miss. 111; *Clark* v. *Marsiglia*, 1 Denio, 317; *Phil. W. & B. R. R. Co.* v. *Howard*, 13 How. 307–344.)[*]

Under the instruction of the Court, the jury may have rendered a verdict in favor of the plaintiff, for the entire amount stipulated in the contract to be paid upon a full performance of it.

If the plaintiff had chosen to waive his contract, and sue in general assumpsit for materials furnished, then his measure of damages would be the value of the iron-work actually furnished. In no aspect of the case could he recover for part performance the compensation stipulated in the contract for full performance.

The instruction to the jury, that the plaintiff was entitled to interest at the rate of ten per cent. on what was due at the time he demanded payment of it, was excepted to, and is assigned as error. The statute then in force provided: " That unless there is an express contract in writing, fixing a different rate, interest is payable on all moneys at the rate of ten per cent per annum,

---

[*] NOTE BY REPORTER.—Compare Code of Civil Procedure, § 3311.

*after they become due on any instrument in writing.*" (Code Civ. Proc. § 197.) If anything was due in this case, it was upon an instrument in writing, and assuming that something was due when the demand of payment was made, there is no error in the instruction on that point.

According to the views which we have expressed, as to the rule of the measure of damages applicable to the case, the Court erred in ordering the defendant's evidence to be stricken out, and in its instruction to the jury upon that question.

The judgment and order are reversed, and cause remanded for a new trial.

THORNTON, P. J., and MYRICK, J., concurred.

