Appellee instituted this suit against the appellant upon two promissory vendor's lien notes each for the sum of $2,736, dated October 15, 1906, due October 15, 1907, and October 15, 1908, respectively, bearing interest at the rate of 8 per cent. per annum from date until paid, and each stipulating for 10 per cent. interest on the amount of principal and interest then due as attorney's fees in case suit was brought on same or if placed in the hands of an *Page 787 
attorney for collection. It was alleged that the notes had been given as part of the purchase money for certain sections of land described in the petition, and there was a prayer for judgment for the principal, interest and attorney's fees with foreclosure of the vendor's lien.
The appellant answered and admitted the plaintiff's cause of action as stated in his petition, but pleaded in offset that at the time of the purchase of the land certain improvements specified in the answer were represented by plaintiff to be upon the land which in fact were not so located; that these improvements were of the value of $2,500, to the extent of which he prayed that plaintiff's notes be canceled. The court instructed the jury that it would be their duty to find for the plaintiff in the sum of $7,544.50, and to find the lien sought to be foreclosed unless they should find for defendant upon his cross-plea, which was submitted in terms not complained of upon the trial, in which event they would deduct from the amount due the plaintiff as stated in the charge, the value as found by the jury of the improvements specified in defendant's plea. The trial as appears from the judgment was had upon the 18th day of November, 1909, and resulted in a verdict and judgment in the plaintiff's favor for the sum of $6,044.50 with a foreclosure of the vendor's lien upon the land described in the plaintiff's petition.
Among other things it is insisted by appellant that the court erred in overruling a special exception to that part of plaintiff's petition which relates to the attorney's fees embraced in the plaintiff's suit. After alleging the execution of the notes and that each stipulated "for 10 per cent. on the amount of principal and interest then due as attorney's fees in case suit is brought on same or if placed in the hands of an attorney for collection," and after alleging a provision in the notes that upon a failure to pay either note or any installment of interest the holder at his election might declare both notes due, the petition further specially charged that plaintiff "did after October 31, 1907, declare said second note due, and did thereafter place the said notes in the hands of Brooks Brooks, and Frank Buie, attorneys, for collection and suit thereon," etc., the date of such deposit with the attorneys for collection not being otherwise shown. To this failure the special exception was directed and we think it should have been sustained. By the terms of the notes as alleged the plaintiff was entitled to recover 10 per cent. of the amount of principal and interest due at the date upon which he should place the notes in the hands of an attorney for collection and this date not having been alleged, the basis of the calculation is uncertain. The interest upon the notes was payable annually, but it is not averred that upon a default in interest payment that such matured interest should bear interest at the rate specified in the notes, and if we should compute all interest due upon the notes up to October 31, 1907, the most favorable date for appellee that we could in any event adopt, and interest at the rate of 6 per cent. per annum upon the matured interest and to the principal and interest as thus computed add 10 per cent. thereof as attorney's fees, there would not be due appellee the amount specified in the court's charge. Moreover, it is evident from the verdict of the jury that they found in appellant's favor that improvements of the value of $1,500 had been included in the original sale which in fact were not part of the land purchased by appellant. If so, the value of the improvements so purchased and not received should have been deducted from the face of the notes as otherwise appellee would be accorded a privilege to which he was not entitled, viz., the right of recovering interest and attorney's fees upon $1,500 worth of property that he did not own at the time of the original sale. Deducting, as we think should be done, the $1,500 offset established by the verdict of the jury from the principal of the two notes sued upon, and computing the interest on this balance at the rate of 8 per cent. per annum from the date of the notes to the date of the judgment, and interest upon the matured interest sums at the rate of 6 per cent. from the date of maturity to the date of the judgment and the 10 per cent. due as attorney's fees, as we have indicated, with 6 per cent. thereon to the date of the judgment, and adding all of these sums together we find the total amount due the appellee at the date of his judgment $5,518.29, less by $526.21 than the amount found by the verdict and judgment below.
It is accordingly ordered that appellant's first assignment be sustained and the judgment reversed and the cause remanded unless within 20 days appellee shall file a remittitur for $526.21, in which event the judgment will be affirmed for the remainder.