Argued July 14, modified August 1, 1916.

# MEADOW VALLEY LAND CO. *v.* MANERUD.

(159 Pac. 559.)

**Setoff and Counterclaim—Pleading—Sufficiency.**

1. In an action on a promissory note, an answer alleging that defendant leased a horse to plaintiff, which was injured and died through plaintiff's want of care, *held* to state a counterclaim on contract, not on tort, under Section 74, L. O. L.

[As to demands which will support claims for setoff, see note in 12 Am. Dec. 152.]

**Appeal and Error—Review—Harmless Error.**

2. In an action on promissory notes, the failure of defendant to properly plead a counterclaim for the value of a horse leased to plaintiff and which died through want of proper care, *held* not to require reversal under Article VII, Section 3 of the Constitution, of judgment allowing such counterclaim.

**Pleading—Setoff and Counterclaim—Sufficiency.**

3. In an action on a promissory note, a counterclaim alleging that notes were procured by false representations, but not alleging that plaintiff's officer who made the false representations was then acting within the scope of his authority, *held* not to state a defense.

**Bills and Notes—Actions—Amount of Recovery—Attorneys' Fees.**

4. In an action on promissory notes, where, by the allowance of defendant's counterclaim, plaintiff had judgment for only $48.77, the allowance of $100 as attorneys' fees *held* unreasonable.

From Lane: GEORGE F. SKIPWORTH, Judge.

In Banc.    Statement PER CURIAM.

This is an action by the Meadow Valley Land & Investment Company, a corporation, against Mrs. Olivia Manerud to recover the amount of a promissory note given by the defendant to the plaintiff March 20, 1911, for $1,000, payable in one day, with interest at 8 per cent per annum, and providing for the recovery of a reasonable sum as attorneys' fees in case action were instituted on the note. The complaint avers that the plaintiff is a corporation; that the defendant executed to it the promissory note; that no part thereof has been paid; and that $100 is a reasonable sum to be allowed as attorneys' fees.

The answer denies some of the allegations of the complaint, and for further defenses sets forth ten counterclaims, the first eight of which were allowed and are not controverted herein. The ninth defense, which was also sanctioned, substantially avers that the defendant leased to the plaintiff a horse which it stipulated properly to care for and return to her in good condition; that while the plaintiff was using the animal it was kicked by another horse; that instead of caring for the injured horse as it had agreed, the plaintiff continued to work the horse until December 13, 1913, when it died; and that the animal was worth $300, no part of which has been paid.

The tenth counterclaim alleges in effect that the promissory note mentioned was given for 20 shares of the plaintiff's capital stock then held by I. P. Hower, who owed the corporation therefor a remainder of $1,000; that before procuring this stock the defendant informed G. D. Linn, an officer of the plaintiff, of her contemplated purchases and inquired of him as to the kind and value of assets of the corporation, whereupon that agent detailed to her the character and

worth of the plaintiff's property, which representations were false, setting forth the particulars; that she believed these statements, and relying thereon negotiated for the purchase of the shares of stock, which principal fund of the corporation was of no value and in consequence thereof she had paid out on account of the stock so purchased $1,961.10, setting forth the items thereof.

The reply put in issue the allegations of new matter in the answer. At the trial the defendant's counsel obtained an order to amend the answer so as to aver that the plaintiff had violated its contract to return the horse, the reasonable value of which was $300, and that the corporation had appropriated the animal to its own use.

The court granted a nonsuit as to counterclaim numbered ten. In referring to the attorneys' fee as alleged in the complaint, the court told the jury that having heard the testimony on that subject, they should allow whatever sum therefor they considered reasonable. The defendant's counsel thereupon inquired:

"Suppose the jury should find these counterclaims equal to the note exclusive of attorneys' fees, should there be anything then? I claim there should not be anything brought in for attorneys' fees."

The court replied:

"I don't know whether you are entitled to that. I don't believe you are."

An exception to this ruling was taken. The jury by special verdict found that the value of the horse was $300; that after crediting this sum and the amount of the first eight counterclaims there remained due on the note $48.77; and that $100 was a reasonable attorneys' fee. Judgment was rendered thereon against the defendant for $148.77, from which she appeals,

asserting an error was committed in excluding her tenth counterclaim. The plaintiff also appeals from that part of the judgment which awarded any sum for the horse.                                     MODIFIED.

For appellant there was a brief and an oral argument by *Mr. H. E. Slattery.*

For respondent there was a brief over the names of *Mr. L. M. Travis* and *Messrs. Williams & Bean,* with oral arguments by *Mr. Travis* and *Mr. John M. Williams.*

Opinion PER CURIAM.

1, 2. It is maintained by plaintiff's counsel that the part of the answer alleging the injury to and the death of the defendant's horse is an attempt to interpose a defense sounding in tort to an action founded upon a contract, and for that reason the facts thus set forth do not constitute a counterclaim within the meaning of that term as defined by statute: Section 74, L. O. L. The lease of the horse arose out of a contract, and though the facts stated in the answer relating thereto are not well averred, this part of the defense fairly constitutes a counterclaim; and, invoking Section 3 of Article VII of the Constitution, relating to such matters, the judgment in this particular should be approved.

3, 4. It is insisted by defendant's counsel that an error was committed in granting a judgment of nonsuit as to the tenth counterclaim. It is not averred in that part of the answer that the plaintiff's officer who made the alleged false representations was then acting within the scope of his authority or for the plaintiff. The facts thus set forth do not constitute a defense to the action, and no error was committed in the re-

spect mentioned. The court, however, should have instructed the jury as requested by the defendant as to the attorney's fee. To allow the sum of $100 for collecting $48.77 as the remainder due on a promissory note is certainly unreasonable, and, this being so, the judgment is modified to allow only $25 as an attorney fee, and in all other respects affirmed.

MODIFIED AND AFFIRMED.