[Civ. No. 8226. First Appellate District, Division Two.—April 13, 1932.]

CARLO BONGIOVANNI, Appellant, v. W. H. FICKETT et al., Respondents.

O. H. Myrick and C. W. Pendleton for Appellant.

Mark F. Jones, G. J. Oppegard and W. L. Engelhardt for Respondents.

BURROUGHS, J., *pro tem.*—This is an action to recover overdue installments of principal, together with interest and an attorney fee, under the terms of a promissory note. The court awarded plaintiff a judgment in the sum of $1262.66, but deducted therefrom a counterclaim in favor of the defendant in the sum of $1129.38, and entered judgment in favor of plaintiff in the sum of $133.28. From the judgment the plaintiff has appealed.

The main issue involved is whether the consideration for which the promissory note was given was a part of the purchase price of certain personal property under and by virtue of the terms of an option for the sale thereof, or whether it was given as a part of the consideration for the same property in pursuance of a new and independent contract between the parties. If the option was the basis of the sale of the property then the court was in error in allowing the counterclaim; otherwise, its judgment is correct. The facts are as follows: On May 31, 1928, the plaintiff as the proposed seller and the defendant, W. H. Fickett, and two other persons as the proposed buyers entered into option agreement whereby the former agreed to sell to the latter per-

sonal property commonly called the "Rock Sand and Gravel Plant". There was also included in the option a lease of rock, sand and gravel land, and permits from the United States Department of Agriculture for the use of other lands of a similar character. The purchase price named in said option was the sum of $95,000 to be paid as follows: $5,000 within 30 days from the date of the option; $10,000 within 90 days from said date; $10,000 within 150 days from said date; $5,000 within 180 days from said date; making a total sum, to be paid of $30,000. The remaining $65,000 was an indebtedness of the plaintiff to third persons secured by a lien upon said property. There was also a provision in the option that the proposed purchasers were to promptly pay when due each and every installment of rent, royalties, dues, obligations, taxes, charges and other liabilities due and to become due under and by virtue of a certain agreement, lease and permit which were included in the option, in addition to paying to the plaintiff the $30,000 as aforesaid. That when the last-named sum had been paid to the plaintiff, it then became plaintiff's duty to execute the necessary conveyances to the defendants of all of said property. The option to remain in full force and effect for the term of 180 days from the date thereof, unless sooner terminated by plaintiff because of failure of the proposed purchasers to make the payments at the times and in the manner provided in the option, or for failure to fulfill the terms of said agreement, in which case the option was to become null and void, and whatever sums of money had been paid thereunder were to be retained by the plaintiff as liquidated damages. The defendants entered into possession of said property on June 1, 1928, and continued in possession thereafter.

On the first Monday in March, 1928, taxes for that year became a lien against the optioned property in the sum of $1085, which were paid by the defendant Fickett on October 10, 1928, and, this last-named amount, together with $35 interest due thereon is the counterclaim allowed by the court to defendants as an offset to plaintiff's demand. It does not appear that any sum was ever paid by the defendants to the plaintiff, in accordance with the terms of the option, but it does appear that as early as July 9th other negotiations were pending between the plaintiff and the defendant

Fickett, concerning the purchase of this property. On August 10, 1928, this defendant rejected an offer of sale made by the plaintiff and made a counter offer to purchase the optioned property, the material part of which offer is as follows: " . . . to purchase said plant, personal property, good will, lease and permits mentioned in that option agreement dated May 31, 1928, entered into by and between you as the proposed seller, and myself . . . " and the other parties named, followed by a proposition of the terms and conditions, but there is no proposition for the payment of taxes as a part of the consideration, but it is further stated in the letter constituting the offer: "If this proposition is acceptable to you, we will conclude the deal immediately, and this is to be in lieu of any other propositions which you have heretofore made to me. You will signify your acceptance hereof by signing this offer." Which was signed as follows: "The above and foregoing offer to purchase is hereby accepted upon the terms and conditions mentioned therein." The parties thereupon executed an agreement in which plaintiff stated that all of the property so sold was free and clear of all encumbrances, except for the lien of the $65,000 indebtedness above mentioned and that he would warrant and defend his title thereto against all lawful claims and demands.

We are of the opinion from the offer, acceptance and bill of sale that there was an abandonment of the option; that the offer and acceptance contained in the letter of August 10, 1928, was a new and independent contract; and the subsequent sale was based thereon. To use the language of one of the witnesses, "the option fell through". This is also made clear by the language used in said letter "in lieu of any other propositions which you have heretofore made me". We think this conclusion is aided by the fact that the option was a unilateral agreement and therefore not a sale of the property. (*Ludy* v. *Zumwalt*, 85 Cal. App. 119, 130 [259 Pac. 52]; *Hickes* v. *Christeson*, 174 Cal. 712 [164 Pac. 395].)

Appellant also contends that the option agreement of May 31, 1928, and the offer of sale and the acceptance of August 10, 1928, were a part of and should have been construed as one transaction. However, the latter instrument

says in plain language that it supersedes all previous understandings and agreements of every kind, therefore, this contention cannot be maintained.

Complaint is also made that the court improperly excluded oral testimony upon the question of the payment of taxes. Upon this question the option itself is unambiguous. The payment of taxes was one of the conditions upon which the proposed purchasers could buy the property. As heretofore stated, the option agreement is a unilateral contract and a reading of the option agreement discloses that such payment of taxes was merely a condition upon which the property could be bought, and being unambiguous, parol evidence was inadmissible to vary its terms. Further, the option agreement having been superseded by the later one, the exclusion of such oral evidence was proper.

It is further advanced as a ground for reversal that the payment of said taxes was the consideration to be paid by respondent for the privilege of entering into possession of the optioned property. In response to this contention the court expressly offered to allow evidence for that purpose, but such evidence as was offered fell short of establishing such agreement and was directly contradicted. It is also to be noted that the option agreement itself lays no more stress upon the payment of taxes than any other payment provided for by its terms.

The note provides for an attorney fee in the sum of fifteen per cent of the principal, in case suit is brought to collect the same. From this provision appellant argues that as the court found $1209.06 of the principal due, he was entitled to an attorney fee in the sum of $181.35, but the court allowed $18.60, being fifteen per cent of the amount actually found due, after deducting the amount of defendant's claim. It is the duty of the court to award reasonable attorney's fees. (*Mushet* v. *Department of Public Service,* 35 Cal. App. 630 [170 Pac. 653].) It has also been held that where a counterclaim is allowed, the same should be taken into consideration in fixing attorney's fees, and no allowance should be made upon the amount of the counterclaim. (*Meadow Valley Land & Investment Co.* v. *Manerud,* 81 Or. 303 [159 Pac. 559].) As the amount found due plaintiff as principal amounted to $133.28, according to the terms of the

note, plaintiff would only be entitled to fifteen per cent thereof, which was allowed by the court. Further, it is within the province of the trial court to fix a reasonable attorney fee, and unless there is an abuse of discretion, the judgment of the trial court cannot be disturbed.

Appellant also claims that he was entitled to a vendor's lien for the amount due, but as he took security for the purchase money, he thereby waived his lien. (25 Cal. Jur. 752, sec. 219.)

We find no error in the record. The judgment is affirmed.

Spence, Acting P. J., and Sturtevant, J., concurred.