[Civ. No. 109.   Fifth Dist.   Aug. 28, 1962.]

INDEPENDENT IRON WORKS, INC., Plaintiff and Appellant, v. COUNTY OF TULARE et al., Defendants and Respondents.

Robert O. Wilhelm, Wilhelm, Blatt & Graham and Francis L. Smee for Plaintiff and Appellant.

Maddox, Abercrombie, Kloster & Jacobus and Frederic A. Jacobus for Defendants and Respondents.

CONLEY, P. J.—Independent Iron Works, Inc., a corporation, appeals from that part of a judgment rendered in its favor by the Superior Court of Tulare County fixing its recoverable attorneys' fees in the sum of $2,500. Neither side questions the propriety or fairness of any other part of the judgment. The appeal is based on a settled statement of facts.

The plaintiff filed suit against Florence Genieve Moore, as executrix of the last will and testament of Eugene H. Moore, deceased, General Insurance Company of America, a corporation, and the County of Tulare, for work and labor done and building materials furnished as a subcontractor to the general contractor, Moore, for the building of the new Tulare County courthouse at Visalia.

Eugene H. Moore, as principal, and General Insurance Company, as surety, had executed and furnished to the county

a written labor and material contractor's bond in standard form; it provided for the payment of any claims for labor and materials which were unsatisfied by Moore, together with reasonable attorneys' fees, to be fixed by the court.

The prayer of the complaint was for $53,375.40. Florence Genieve Moore filed a cross-complaint against Independent, alleging damages in the amount of $106,626.50. The trial on the issues made by the complaint occupied only one day, but the total trial lasted 21 days, 20 of them being devoted to the issues raised by the cross-complaint. The judgment of the court was for Independent Iron Works in the net amount of $16,347.28, together with interest and for the further sum of $2,500 as attorneys' fees. The court found that a very substantial total—$36,484.58—was due from the plaintiff on the cross-complaint for failure to carry out its contract. This amount subtracted from the sum of $52,831.86 (which the court found that plaintiff was entitled to recover by reason of the complaint) gives the net balance of the judgment for principal as above stated.

There can be no question but that plaintiff was entitled to a reasonable attorney's fee. Section 4204 of the Government Code of the State of California read as follows:

"*Condition of bond.* To be approved, the contractor's bond shall provide that if the person or his subcontractors, fail to pay for any materials, provisions, provender or other supplies, or teams, used in, upon, for or about the performance of the work contracted to be done, or for any work or labor thereon of any kind, or for amounts due under the Unemployment Insurance Act[1] with respect to such work or labor, that the surety or sureties will pay for the same, in an amount not exceeding the sum specified in the bond, and also, in case suit is brought upon the bond, a reasonable attorney's fee, to be fixed by the court."

And section 4207 of the Government Code provided in part as follows: "Upon the trial of the action, the court shall award to the prevailing party a reasonable attorney's fee, to be taxed as costs, and to be included in the judgment therein rendered."

The trial court found: "It is true that the labor and material bond, above referred to, provided that reasonable attorneys' fees should be awarded in the event that suit were brought upon said bond. It is true that a reasonable attorney

---

[1] "Now Unemployment Insurance Code."

fee in connection with the prosecution of this action is the amount of $2,500.00.''

And the conclusions of law include: ''Plaintiff is entitled to further judgment against defendant, GENERAL INSURANCE COMPANY OF AMERICA, for attorneys' fees in the amount of $2,500.00.''

The question then is whether the court did award a reasonable attorney's fee within the meaning of the law. ▮ In the case of *City of Los Angeles* v. *Los Angeles-Inyo Farms Co.,* 134 Cal.App. 268, 274-276 [25 P.2d 224], it is said: ''The rule is established that, in fixing the fees of attorneys, the court is vested with a wide discretion and the court's award of an amount for such fees will be disturbed only when it is manifest that there has been a palpable abuse of such discretion. [Citing cases.]

▮ ''It is also established that, in making an award for attorney's fees, the court has the unquestioned power to make an appraisal of the services rendered and to arrive at a determination of the reasonable value of such services independent of expert testimony. [Citing cases.] ▮ It may further properly be observed that the court's determination of the value of the services made after full inquiry into the facts of the case which were pertinent to the matter under consideration constitutes some evidence of the value of such services. (*Theisen* v. *Keough, supra* [115 Cal.App. 353 (1 P.2d 1015)].

'' . . . . . . . . . . .

''We are not at liberty to convert this appeal into a trial *de novo.* (*Libby* v. *Kipp, supra* [87 Cal.App. 538 (262 P. 68)].) It must clearly appear that the trial court abused the very wide discretion reposed in it to warrant a cancellation of the award.''

The opinion in *County of Riverside* v. *Brown,* 30 Cal.App. 2d 747, 749 [87 P.2d 60], states: ''It is well established in this state that, as held in *Spencer* v. *Collins,* 156 Cal. 298 [104 P. 320, 20 Ann.Cas. 49]: 'The value of attorney's services is a matter with which a judge must necessarily be familiar. When the court is informed of the extent and nature of such services, its own experience furnishes it with every element necessary to fix their value.' (See also *People* v. *Thompson, supra* [5 Cal.App.2d 668 (43 P.2d 606)]; *City of Los Angeles* v. *Los Angeles-Inyo Farms Co., supra* [134 Cal.App. 268 (25 P.2d 224)].)

"The trial judge had before him, in addition to the affidavits filed by the attorney for respondents, the pleadings in the case. He knew of the skill and experience of respondents' counsel, which is not questioned here. He was informed of the difficulty and importance of the case. He was informed of the reasonable value in Riverside County of such services rendered by an attorney of the skill and experience of Mr. Estudillo. His finding of the reasonable value of those services is supported by the foregoing facts and the trial court's estimate of their value. This constitutes evidence in the case which was not necessarily overcome by the affidavit filed by an attorney for plaintiff. That affidavit only created a conflict in the evidence which was resolved in favor of respondents by the trial judge."

In *La Mesa-Spring Valley School Dist.* v. *Otsuka,* 57 Cal.2d 309, 316 [19 Cal.Rptr. 479, 369 P.2d 7], the Supreme Court has recently said: "The determination of what is a reasonable [attorney's] fee is a question of fact that rests within the discretion of the trial court (*County of Riverside* v. *Brown,* 30 Cal.App.2d 747, 749 [87 P.2d 60]; *State of California* v. *Westover Co.,* 140 Cal.App.2d 447 [295 P.2d 96]), after it has considered a number of factors including '[t]he nature of a litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure of the attorney's efforts, the attorney's skill and learning, including his age and experience in the particular type of work demanded.' [Citation.]" (See also *Estate of Schnell,* 82 Cal.App.2d 170, 175 [185 P.2d 854]; *Berry* v. *Chaplin,* 74 Cal.App.2d 669, 679 [169 P.2d 453]; *Thompson* v. *Williams,* 190 Cal.App.2d 56, 61 [12 Cal.Rptr. 9]; *Bellwood Discount Corp.* v. *Empire Steel Buildings Co.,* 175 Cal.App.2d 432, 438 [346 P.2d 467].)

In connection with his order for judgment the trial judge wrote a comprehensive opinion in which the following was said: "Therefore, bearing in mind the nature of the case, the $16,347.28 net amount of plaintiff's recovery, the time reasonably attributable to preparation and presentation of plaintiff's case and giving no consideration to the time involved in preparing for and presenting the defense to the cross-complaint, the Court finds that the sum of $2,500.00 is a reasonable attorney's fee. It seems to me that to hold that an attorney's fee should be allowed plaintiff for defending claims against it arising out of its breach of contract, *would be*

*putting a premium on wrongdoing and further penalize the victim.* Plaintiff's counsel will understand that in ordering only $2,500.00 as attorney's fees, the Court is not passing upon the value of plaintiff's attorneys' services to plaintiff, as that question is not before the Court. The question the Court has decided is: What portion of plaintiff's attorneys' fees should General Insurance Company of America have to pay?" (Emphasis added.) (See *Rolapp* v. *Federal Bldg. etc. Assn.,* 11 Cal.App.2d 337, 343 [53 P.2d 974].)

There was evidence, as shown by the settled statement of facts, that the attorneys for the plaintiff and cross-defendant rendered services to their client of the following values: Robert O. Wilhelm, $13,740, Francis L. Smee, $2,685, and Heller, Ehrman, White & McAuliffe, $2,100. The trial court made it clear that in determining a reasonable attorney's fee it was not passing upon the total value of the services rendered to plaintiff and cross-defendant by its several attorneys but that it did fix what it believed to be a reasonable fee recoverable for legal services rendered in the case as contemplated by the provisions of the bond. If it were to award fees for defending against the valid claims made in a cross-complaint, the court stated that it felt that it would be awarding money to a party based on that party's own wrong.

The basic question in the case, therefore, is whether in determining what a reasonable attorney's fee should be, the court had a right to consider the elimination in whole or in part of the value of legal services occasioned by the filing of a sound cross-complaint.

In promissory notes, it is frequently provided that a percentage of the actual recovery shall be added as attorneys' fees. Other note forms authorize the court to fix a reasonable attorney's fee. The general rule with respect to promissory note cases is that the court should base its allowance of attorneys' fees upon the net recovery, thus eliminating offsets awarded the opposing party on counterclaims or cross-complaints.

Respondent's contention that the judgment is sound is based partly on 41 American Law Reports, Annotated, Second Series, page 681, where it was said: "The consensus of opinion of the courts is that where the holder of a note or similar evidence of indebtedness containing a provision for the payment of attorneys' fees brings action on the note, and the plaintiff's recovery is lessened, but not completely extinguished, by the

defendant's recovery on a counterclaim or the like, the allowance for attorneys' fees should be proportionately cut down, the amount of recovery for such fees being based on the difference between the amount due on the plaintiff's instrument, including principal and interest, and the defendant's recovery on the counterclaim.''

In *Pioneer Constructors* v. *Symes*, 77 Ariz. 107 [267 P.2d 740, 744, 41 A.L.R.2d 668], the Supreme Court of Arizona said: ''The general rule is: where reasonable attorney fees or some designated percentage is provided for in the note, and defendant counterclaims and recovers on the counterclaim, the plaintiff recovering on the note, the amount recoverable for attorney's fees is reduced in proportion to the amount recovered on the note less the amount recovered on the counterclaim. (*Rinker* v. *Lauer*, 13 Idaho 163 [88 P. 1057]; *Meadow Valley Land & Investment Co.* v. *Manerud*, 81 Ore. 303 [159 P. 559, 560]; *Bongiovanni* v. *Fickett*, 122 Cal.App. 538 [10 P.2d 539, 541].)''

In *Meadow Valley Land & Investment Co.* v. *Manerud*, 81 Ore. 303 [159 P. 559, 560], the Supreme Court of Oregon discussed the problem and said: ''In referring to the attorney's fee as alleged in the complaint, the court told the jury that having heard the testimony on that subject, they should allow whatever sum therefor they considered reasonable. The defendant's counsel thereupon inquired:

'' 'Suppose the jury should find these counterclaims equal to the note exclusive of attorney's fees, should there be anything then? I claim there should not be anything brought in for attorney's fees.'

''The court replied:

'' 'I don't know whether you are entitled to that. I don't believe you are.'

''An exception to this ruling was taken. The jury by special verdict found that the value of the horse was $300; that after crediting this sum and the amount of the first eight counterclaims there remained due on the note $48.77; and that $100 was a reasonable attorney's fee. Judgment was rendered thereon against the defendant for $148.77, from which she appeals, . . .

''. . . . . . . . . . . . .

''The court, however, should have instructed the jury as requested by the defendant as to the attorney's fee. To allow the sum of $100 for collecting $48.77 as the remainder due on

a promissory note is certainly unreasonable, and, this being so, the judgment is modified to allow only $25 as an attorney fee, and in all other respects affirmed.''

The note in that case provided for the recovery of a *reasonable sum* as attorneys' fees if action were instituted on the note. The rule in note cases seems to be that the net recovery should be the basis of calculating attorneys' fees, whether a *percentage* or *reasonable sum* is provided for in the note. (See also *Gilliland* v. *Rodriquez*, 77 Ariz. 163 [268 P.2d 334]; *Southwest American Life Ins. Co.* v. *Dunn* (Tex.Civ.App.) 344 S.W.2d 948, 952; *Ward* v. *Boydston*, 63 Tex.Civ.App. 656 [134 S.W. 786]; *Ware* v. *Paxton* (Tex.Civ.App.) 266 S.W.2d 218, 227; *Nalder* v. *Kellogg Sales Co.*, 6 Utah 2d 367 [314 P.2d 350, 353]; *Morgan* v. *Virginia-Carolina Chemical Co.*, 213 Ala. 551 [106 So. 136, 137].)

Respondent also relies on a section found in 11 Corpus Juris Secundum, Bills and Notes, section 726, page 282, where it is said: ''In case a set-off or counterclaim is allowed, it has been held that the stipulated per cent for attorney's fees should be applied to the final amount found due, particularly if the set-off is directly connected with the giving of the note.''

In 11 Corpus Juris Secundum, Bonds, section 130, page 510, it is said: ''Although attorney's fees are provided for in a bond, an allowance thereof will not be made to the obligee unless he shows his right thereto; and, although attorney's fees are stipulated for in a bond given to secure payment of a sum certain, and other items which could not then be determined, such fees are not recoverable contrary to the statute, where items are charged against which a plea is sustained. If a collection fee of a certain per cent is authorized by the obligation it can be computed only on the amount of the debt left due when judgment is entered.'' (See *Anderson* v. *Best*, 176 Pa.St. 498 [35 A. 194].)

In *Bongiovanni* v. *Fickett*, *supra*, 122 Cal.App. 538, 542, the court said: ''The note provides for an attorney fee in the sum of fifteen per cent of the principal, in case suit is brought to collect the same. From this provision appellant argues that as the court found $1209.06 of the principal due, he was entitled to an attorney fee in the sum of $181.35, but the court allowed $18.60, being fifteen per cent of the amount actually found due, after deducting the amount of defendant's claim. It is the duty of the court to award reasonable attorney's fees. (*Mushet* v. *Department of Public Service*, 35 Cal.App. 630

[170 P. 653].) *It has also been held that where a counterclaim is allowed, the same should be taken into consideration in fixing attorney's fees, and no allowance should be made upon the amount of the counterclaim. (Meadow Valley Land & Investment Co. v. Manerud, 81 Ore. 303 [159 P. 559].) As the amount found due plaintiff as principal amounted to $133.28, according to the terms of the note, plaintiff would only be entitled to fifteen per cent thereof, which was allowed by the court. Further, it is within the province of the trial court to fix a reasonable attorney fee, and unless there is an abuse of discretion, the judgment of the trial court cannot be disturbed."* (Emphasis added.)

There are cases in which the California courts have considered the extra work and legal skill necessitated by the defense of a counterclaim or cross-complaint and have apparently based the award of fees in part upon such additional services. (*Deberry* v. *Cavalier*, 113 Cal.App. 30, 35 [297 P. 611] ; *Hayward* v. *Widmann*, 133 Cal.App. 184, 190 [23 P.2d 762] ; *Palm Springs etc. Co.* v. *Kieberk Corp.*, 46 Cal.App.2d 234, 240-241 [115 P.2d 548] ; *Taylor* v. *Continental Supply Co.*, 16 F.2d 578, 580-581.)

In this case, the trial court had a right to consider all of the circumstances of the litigation, including the existence of the cross-complaint and that such counterpleading was sustained in large part by the proof. We do not lay down a general rule that additional fees for attorneys' services in connection with the defense of a counterclaim or cross-complaint can never be allowed, or, on the contrary, that such services must necessarily enhance the award. The trial court has a wide discretion in fixing attorneys' fees and all elements bearing on the particular litigation should be weighed by the court in reaching its conclusion.

We believe that the court was acting within proper discretionary limits in fixing the attorneys' fees in this case at $2,500.

The judgment is affirmed.

Brown, J., concurred.

Stone, J., being disqualified, did not participate.

A petition for a rehearing was denied September 24, 1962, and appellant's petition for a hearing by the Supreme Court was denied October 24, 1962.